## Tucker's Estate.

*Will—Remainders—Vested and contingent estate—Exclusion of husband.*
 Testatrix provided as follows: " It is my will that all the remaining portion of my estate of every kind shall fall to my daughter, but under the following restrictions, viz: I intend that no portion of my estate shall fall to my husband, or to his relatives on his father's or mother's side; but in case of the death of my daughter without her having heirs, my estate is to fall to my mother, which in case of her death before said property shall fall into her hands, then it is to fall to her heirs and legal representatives." Testatrix's mother died first, and her death was followed by the death of the daughter. *Held,* that neither the husband nor his relatives could claim through the daughter as heir of her grandmother.

Argued May 18, 1904. Appeal, No. 3, Jan. T., 1904, by People's Trust, Savings & Deposit Company of Lancaster, administrator of Mabel V. Tucker, deceased, from decree of O. C. Lancaster Co., dismissing exception to adjudication in estate of Esther K. Tucker, deceased. Before MITCHELL, C. J., DEAN, FELL, POTTER and THOMPSON, JJ. Affirmed.

Exceptions to adjudication.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*H. Frank Eshleman,* for appellant.

*W. T. Brown* and *D. F. Magee,* for appellees.

PER CURIAM, June 15, 1904:
 The testatrix provided in her will that " It is my will that

all the remaining portion of my estate of every kind shall fall to my daughter Mabel Viola Tucker, but under the following restrictions, viz : I intend that no portion of my estate shall fall to my husband, Alva J. Tucker, or to his relatives on his father's or mother's side ; but in case of the death of my daughter without her having heirs, my estate is to fall to my mother Deborah Jackson, which in case of her death before said property shall fall into her hands, then it is to fall to her heirs and legal representatives."

The actual intent is perfectly clear, that the death of her daughter "without having heirs" means without having a child or children, and that in no case was any part of the estate to go to testatrix's husband or his relatives. The testatrix's mother Mrs. Jackson having died first, the granddaughter Mabel became her heir, and thus took in addition to her present defeasible estate a vested remainder in fee to which her father or his relatives might have been heirs except for the restrictions in the will. But these are mandatory and twofold, first that if Mabel died without child her interest should terminate, and the grandmother having died before her, the property should go to the latter's legal representatives, and secondly that no part should go to the husband. This exclusion of the husband and his relatives in not merely from the first succession but runs all through the scheme of the will and neither he nor they can claim even through the daughter Mabel as heir of her grandmother Mrs. Jackson. Only those can take who are Mrs. Jackson's "heirs and legal representatives" not claiming either directly or indirectly through testatrix's husband.

Decree affirmed with costs.