### Eckert *v.* Pennsylvania Trust Company, Appellant.

*Wills—Devise—Estate in fee simple.*

Testator after having made devises to his two sons out of the residue of his estate directed as follows: "I give, devise and bequeath to my two sons above named their respective shares aforesaid of the final residue of my estate to hold the same to said sons respectively, their respective heirs, executors, administrators and assigns, subject during their respective minorities, to the provisions hereinbefore and hereinafter contained." By a subsequent clause he directed as follows: "If any or either of my said children or two last named grandchildren shall die without issue at his, her or their respective deaths, or leaving such issue then living none of whom shall live to attain the age of twenty-one years then and in any and every such case it is my will," etc. *Held,* that a son upon reaching the age of twenty-one years was vested with an absolute fee simple in the property devised to him.

Argued March 14, 1905. Appeal, No. 43, Jan. T., 1905, by defendant, from judgment of C. P. Berks Co., Dec. T., 1900, No. 5, on verdict for plaintiffs in case of Thomas T. Eckert, Reading Trust Company, trustee for the estate of Emma B. Hill, and Emma B. Hill v. Pennsylvania Trust Company et al. Before DEAN, FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Summons in partition.

Verdict for plaintiffs subject to question of law reserved.

On a rule for judgment for defendants, non obstante veredicto, ENDLICH, J., filed the following opinion :

The single question to be determined in the disposition of these rules is whether, under the will of Jacob W. Seitzinger, his son Franklin, after reaching the age of twenty-one years and

after appraisement, etc., as directed in said will, had an abso-
lute interest in his share of the residue of the testator's estate
or an interest defeasible upon his death without issue living.
If the former, it passed to his widow, Joanna C. Eckert, to
whom he left his entire property, and the verdict directed at
the trial was right.   If the latter, then Joanna C. Eckert was
never a tenant in common together with the remaining parties
to this action of the property of which partition is sought, and
the defendants are entitled either to judgment notwithstand-
ing the verdict or to a new trial.

The will of Jacob W. Seitzinger is a very lengthy one, drawn,
as pointed out in Newbold v. Boone, 52 Pa. 167, 176, by an
eminent professional hand.   In the copy submitted the para-
graphs have, for the sake of convenience, been numbered from
1 to 48, and may be referred to according to that numbering,
although it does not appear in the original.   The testator died
twenty-six days after the will was made.   He had at the date
of the will several daughters, two sons (Jacob, aged eighteen,
and Franklin, aged eleven), a grandson (aged eleven, who
died in 1859, under twenty-one years old), and a granddaugh-
ter (aged six years).   All these, and his widow (who died in
1866), survived him.   Ever since the death of Franklin, in
1868, the parties concerned treated his widow as a co-owner of
the property embraced in the residue to the extent of her hus-
band's proportion therein had he lived.

The directions as to the residue begin in paragraph 20.   In
that and the next succeeding paragraphs, 21, 22 and 23, the
testator (providing for a period of management by his execu-
tors with a view to payment of his debts), defines how the
"residue" shall be made up and how it shall be divided into
equal twelfth parts.   In paragraph 24 he orders that two
twelfth parts shall be conveyed or assigned to each of his two
sons respectively and their respective heirs, two twelfth parts
to the trustees of the shares of three daughters in his estate,
one twelfth part to the trustees of his granddaughter's share,
and one twelfth part to the trustees to whom he has already
given a legacy in trust for his grandson.   Next comes a series
of paragraphs, 25 to 31, in which he enumerates, by way of
restating all that he intends to go to each of the beneficiaries,
just what the share of each under the entire will shall consist

of ; directing in paragraph 31 that the several shares thus de-
fined shall be subject to deduction for any indebtedness due to
the testator at his death by the respective beneficiaries, and fol-
lowing that with the declaration, in paragraph 33, that the des-
ignation of the respective portions of his estate, thus described,
" as the shares of my respective children and grandchildren,"
is not to be understood as defining the " duration or charac-
ter " of the interests to be taken by them " as the same are
hereinafter specified." Then he goes on, in a series of para-
graphs, to " specify " the duration and character of the inter-
ests to be taken by his various beneficiaries in their shares. In
paragraph 34 he " specifies " his daughters' and granddaugh-
ter's shares as separate life interests with power of testamentary
appointment subject to certain benefits to surviving husbands,
etc. And then comes paragraph 35, whose purpose it is to
" specify " the " duration and character " of the interests of
the sons, and which is as follows :

" I devise and bequeath to my two sons above named their
respective shares aforesaid of the final residue of my ' estate
to hold the same to said sons respectively, their respective
heirs, executors, administrators and assigns, subject during
their respective minorities to the provisions hereinbefore and
hereinafter contained."

Here is an unmistakable announcement that Franklin is to
take an absolute interest in his share, except as qualified by
the subjecting clause. The effect of the words " during their
respective minorities " in that clause is necessary to limit to
the remainder of Franklin's minority the application and opera-
tion of anything in the will, preceding or following para-
graph 35, by way of restriction or impairment of the absolute
interest given him. Expressio unius est exclusio alterius. In
paragraph 36, relating to the share of his grandson, the testa-
tor expresses an exactly similar purpose in language somewhat
more ample because of the interposition of trustees during mi-
nority. The grandson was six days younger than Franklin.
Surely the testator cannot be supposed to have meant to in-
vest this grandson with the absolute ownership of his share at
twenty-one, and continue his son's interest in the share set
apart for him liable to defeasance beyond that age. On the
contrary there is discernible throughout the will a studied pur-

pose on the part of the testator to give to his sons (or perhaps,
in view of the circumstances pointed out in Newbold v. Boone,
52 Pa. 167, 174, it might be more accurate to say to his younger
children, who were his sons), estates of inheritance ; carefully
and persistently discriminating in this respect between them
and his daughters (or older children), and suspending the full
vesting of their shares in the sons and their full control over
them only during the pendency of the temporary management
of his estate with a view to the payment of his debts and dur-
ing the respective sons' minorities.   So in the 13th and 14th
paragraphs, the devises are to Jacob and Franklin respec-
tively in fee, with retention of control to the executors dur-
ing minority, etc.   In the 15th paragraph he bequeaths to
Franklin absolutely $9,000, to be raised out of the residuary
estate, " to be paid to him." on majority, and " to be subject
in the meantime to the provisions hereinafter contained,"
etc.   Again in the 24th paragraph, after providing for the
ascertainment of the residuum, he directs his executors to
convey and assign two twelfth parts to each of his sons re-
spectively " and their respective heirs," whilst his daughters'
shares are ordered to be transferred to their trustees.   When
he comes to restating in detail, in paragraphs 25 to 31, what
he understands the share of each beneficiary in his entire es-
tate to consist of, he enumerates, in paragraph 31, as making
up the share of his son Franklin the devise in paragraph 14,
the bequest in paragraph 15, and the two twelfth parts of
the final residuum directed to be transferred to him in para-
graph 24.   Of course he must be understood as referring to
all of these according to the qualities previously impressed
upon them.   See Klapp's Est., 19 Pa. Superior Ct. 150, 154.
And so, as to his other son, in paragraph 30.   The subse-
quent specification, in paragraph 35, of the duration and char-
acter of the sons' interests in the shares thus made up puts all
the items composing them upon the same level, subjects them
all to the same qualification by reference to the preceding and
succeeding provisions in the will, and restricts the operation of
these to the periods of the sons' respective minorities.   More-
over, the reference is to " the " provisions, which necessarily
means all the provisions (see Bakes v. Reese, 150 Pa. 44, 46)
of the will capable of affecting the absoluteness of the gifts

to the sons, their control, ownership and devolution.    To give
due effect to the testator's language and intent all must, if
possible, be brought in.    It would seem, therefore, to follow
with unavoidable necessity that when in paragraph 43 the tes-
tator provides that upon the death of any of his enumerated
children or grandchildren without leaving issue, or leaving is-
sue who shall not survive to maturity, the share of such dece-
dent shall go to increase the shares of the other children and
grandchildren, that provision must, so far as Franklin's share is
concerned, be understood as referring to his death before reach-
ing the age of twenty-one.    So understood it is perfectly consis-
tent with the terms of all the devises and bequests made to him,
and the general intent disclosed in those provisions, giving him
but a qualified interest in their subject-matter during minority
to become absolute upon maturity.    On the other hand, it is
manifest that to treat the 43d paragraph as defeating Frank-
lin's interest in anything that had been left to him, upon
the contingency of his dying without issue, etc., at any age, is
to construe it as derogating from the previously expressed in-
tent.    The rule is too well established to require the citation
of authorities, that whilst of two contradictory provisions re-
lating to the same subject-matter, the first must give way and
the last takes effect, the inconsistency between the two must
be clear and irreconcilable, and that it is the business of the
interpreter to read, if possible, all the provisions in pari mate-
ria together and construe them as an harmonious whole.    Stand-
ing alone, to be sure, there could, since Newbold v. Boone, 52
Pa. 167, be no uncertainty about the effect of the 43d para-
graph.    But it cannot be successfully maintained that the lat-
ter may not be read together with, or into, the 35th paragraph
in so far as it is capable of applying to the same.    The lan-
guage of the 43d paragraph is as follows :

" If any or either of my said children or two last named
grandchildren shall die without issue living at his, her or their
respective deaths, or leaving such issue then living, none of whom
shall live to attain the age of twenty-one years, then and in
any and every such case it is my will that the shares or por-
tions of my estate of him, her or them so dying shall go to in-
crease the said shares of my other children (except my daugh-
ter Elizabeth) and two last-named grandchildren in the last-

mentioned proportions, that is to say, the share of each of my said children other than Elizabeth to be twice as great as those of my said two grandchildren, the children of my said deceased daughter, under and subject in each case to the same respective trusts and limitations hereinbefore expressed and declared."

It is contended that, inasmuch as this provides for the dying under age of the children of the testator's children and even of those of his enumerated grandchildren, it would be an absurdity to attempt to read this provision into paragraph 35 as a proviso to it, beginning with the words " subject during their respective minorities." It is said that the period thus designated cannot by any possibility be made to comprehend the time and contingencies contemplated in paragraph 43, and that, therefore, the language of the latter cannot be fitted into that of the former. It must, however, not be overlooked that it is the substance and effect of the language used that we are concerned with rather than the mere sequence of its phraseology. See Ferry's App., 102 Pa. 207 ; Klapp's Est., 19 Pa. Superior Ct. 150. Drawn in compact and artistic terms the 43d paragraph provides in one sentence, of broad generality, for a number of things : (1) for the death of testator's sons without leaving any issue ; (2) for the death of testator's sons leaving issue who shall not live to maturity ; (3) for the death of three of the testator's daughters (for clearly Elizabeth is not included among " my children " as first used in it) without leaving any issue ; (4) for the death of those daughters without leaving issue who shall live to maturity ; (5) for the death of certain grandchildren without leaving any issue ; and (6) for their death without leaving issue who shall live to maturity. In crowded terms it directs what in each of these cases is to become of the shares left by the will to the decedent. In order to apply this direction to each of the several beneficiaries or classes of beneficiaries, it is of course not only permissible but necessary to separate the complex provision into its various constituent parts, reddendo singula singulis. As pertinent to the shares spoken of in paragraph 35, it may therefore be read as follows :

" If . . . . either of my said (sons) . . . . shall die without issue living at his . . . . (death), or leaving such issue then

living none of whom shall live to attain the age of twenty-one years . . . . then . . . . it is my will," etc.

Inserting this provision in paragraph 35, the clause "subject," etc., would read thus :

"Subject during their respective minorities to the provisions hereinafter contained that if either of my said sons shall die without issue living at his death, or leaving such issue then living," etc.

Now it seems too manifest for discussion that the language "subject during their respective minorities to the provisions hereinafter contained that if either . . . . shall die without issue," etc., is exactly equivalent to saying "subject to the provisions hereinafter contained that if either . . . . shall die during minority without issue," etc. That transposition may, therefore, be made, and the clause so read : and so read, there is not the slightest difficulty or incongruity about inserting paragraph 43 into paragraph 35,—with the effect above indicated the two paragraphs together providing :

"I devise and bequeath to my two sons . . . . their respective shares aforesaid . . . . to hold the same to my said sons respectively, their respective heirs, executors, administrators and assigns (i. e., absolutely) . . . . subject to the provisions . . . . hereinafter contained that . . . . if either . . . . shall die during minority without issue living at his death, or leaving such issue then living none of whom shall live to attain the age of twenty-one years, then it is my will, " etc.

Under this devise, Franklin, upon reaching the age of twenty-one years and after appraisement, etc., as directed by the will, was vested with an indefeasible interest in the property here in question, which passed to his widow by his will.

The rules to show cause are discharged.

*Error assigned* was in entering judgment on the verdict.

*Cyrus G. Derr* and *John G. Johnson*, with them *Benjamin F. Dettra*, for appellants, cited: Fahnestock's Estate, 147 Pa. 327 ; Bakes v. Reese, 150 Pa. 44 ; Hitchcock v. Hitchcock, 35 Pa. 393 ; Walker v. Walker, 28 Pa. 40 ; Rewalt v. Ulrich, 23

Pa. 388 ; Malone v. Dobbins, 23 Pa 296 ; German v. German, 27 Pa. 116 ; Stickle's App., 29 Pa. 234.

*Jefferson Snyder*, of *Snyder & Zieber*, for appellees, cited: Caldwell v. Skilton, 13 Pa. 152 ; McCullough v. Fenton, 65 Pa. 418 ; Morrison v. Truby, 145 Pa. 540 ; Mitchell v. Ry. Co., 165 Pa. 645 ; Schoonmaker v. Stockton, 37 Pa. 464.

PER CURIAM, June 22, 1905 :

The judgment is affirmed on the opinion of the learned judge of the common pleas.