## Worst, Appellant, *v.* DeHaven et al.

*Wills—Construction—Life estate to class or survivor—Gift over —Words and phrases "or" and "and"—Transposing words or sentences—Intention.*

1. "Or" may be read "and," and "and" may be read "or," in construing a will, only when absolutely necessary to carry out the expressed intent of the testator.

2. If the words of a will can properly be so construed as to carry the whole estate, an intestacy will not result because of uncertainty as to who shall take.

3. Where a will provides a date at which a gift to a person or class shall take effect, any implication by which it may take effect at an earlier date, is excluded.

4. In obscurely expressed wills, a word or sentence may be transposed in order to effectuate the apparent intent of the testator.

Argued June 11, 1918. Appeal, No. 36, Jan. T., 1918, by plaintiff, from judgment of C. P. Lancaster Co., June T., 1917, No. 50, entered for defendants on affidavit of defense in nature of a demurrer, in case of LeRoy Worst v. Catharine E. DeHaven, Annie M. Worst, Harry L. Worst. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Assumpsit for recovery of rents collected by defendants. Before HASSLER, J.

The facts appear by the opinion of the Supreme Court.

Defendant filed an affidavit of defense in the nature of a demurrer. The lower court entered judgment for the defendants. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*John E. Malone,* for appellant.

*Frank S. Groff* and *William H. Keller,* for appellees.

OPINION BY MR. JUSTICE SIMPSON, July 17, 1918:

By the will of Henry Worst, he gave all his residuary estate to his wife for life, and as to his real estate further provided as follows:

"Fifth. Upon the death of my said wife, I give and devise my real estate to my four children, to wit: Catherine E. DeHaven, nee Worst, S. Clayton Worst, Annie M. Worst and Harry L. Worst, to have and to hold the same and take and divide, share and share alike, the rents, issues and profits thereof during the lifetime of them or the survivors or survivor of them. And at the death of the survivors or survivor of them, I give and devise the same to my grandchildren, per stirpes, their heirs and assigns."

S. Clayton Worst, one of the sons, died February 20, 1910, leaving the plaintiff as his sole heir at law. Testator's widow died July 15, 1913. After her death the three surviving children collected and kept the rents of the real estate. This suit was brought by plaintiff against them, to recover one-fourth of said rents, asserting his right thereto under the foregoing fifth paragraph of his grandfather's will. The defendants denied his right, raised that question as one of law under Sect. 20 of the Act of 14th May, 1915, P. L. 483, the court below decided in their favor and entered judgment accordingly, and this appeal was then taken.

Plaintiff's claim is that, as the gift is to the four children during their lifetime and the lifetime of the survivors and survivor of them, and as he is the sole heir of one of those children, the gift of the income during such survivorship must enure to him. But the will does not so provide. The words are "or the survivors or survivor of them," and not "and the survivors or survivor

of them." It is true that we may read "or" as if it were "and," and "and" as if it were "or," whenever it is absolutely necessary to carry out the expressed intent of the testator; but we are not at liberty so to do unless it is necessary: Griffith v. Woodward, 1 Yeates 316; Gilmer's Estate, 154 Pa. 523. In the present instance it is not necessary.

If said paragraph of the will were to be literally construed according to the existing arrangement thereof, it would result in a manifest absurdity; for it would give to the three children first dying a share of the rents after they were dead. We must, therefore, seek for a construction which will avoid that absurdity. Three possibilities exist:

1st. To decide that an intestacy arose as to the share of the rents which S. Clayton Worst would have received had he lived. We agree, however, with both parties to this litigation, that an intestacy does not result, for where, as here, the words of the will can carry the whole estate, an intestacy will be held not to exist: Reimer's Est., 159 Pa. 212; Woodside's Est., 188 Pa. 45.

2d. To decide that there was an implied gift to the heir of testator. This is plaintiff's claim. But manifestly testator did not intend to leave anything to implication; and to permit it here would result in an express antagonism to the last clause of the same paragraph of the will, which provides that the grandchildren's interest shall commence after the death of all testator's children. In construing any writing, the expression of an intent, as to the particular thing under consideration, negatives the idea of an implied intent in regard thereto. This is stated in the maxim expressum facit cessare tacitum, which, as Broom points out (Broom's Legal Maxims, *651), "excludes any increase of an estate by implication, where there is an estate expressly limited by will."

3d. This leaves open only the conclusion that the

survivorship mentioned in the will applies to the gift of the rents for life. It is true that the words used might be better phrased to express the purpose, but a lack of clarity of expression will no more defeat a testator's intent than it does that of any other person. At most this will requires a rearranging of the language actually used, so as to transfer the words "during the lifetime of them or the survivors or survivor of them," to a place immediately after the words "Harry L. Worst," making the paragraph then read:

"At the death of my said wife, I give and devise my real estate to my four children, to wit, Catharine E. DeHaven, nee Worst, S. Clayton Worst, Annie M. Worst and Harry L. Worst, during the lifetime of them or the survivors or survivor of them, to have and to hold the same and take and divide, share and share alike, the rents, issues and profits thereof. And at the death of the survivors or survivor of them, I give and devise the same to my grandchildren, per stirpes, their heirs and assigns."

From at least as early as Roberjot v. Mazurie, 14 S. & R. 42, to at least as late as Eckert v. Penna. Trust Co., 212 Pa. 372, we have held that in wills obscurely expressed the court may transpose a word or a sentence in order to effectuate the testamentary purpose, the order in which the words are placed being immaterial if a different arrangement will best answer the apparent intent of the testator: Ferry's App., 102 Pa. 207. We think this is a case in which that course may be safely followed.

The assignment of error is overruled and the judgment affirmed.