## Prevost's Estate.

*Will—Construction — Codicil reducing legacies — Absolute or conditional.*

The reduction of a legacy given in a will by a codicil providing "in order to avoid a possible deficiency, which may grow out of the shrinking of investments, I reduce some of the legacies in my will as follows," with a further provision that where legacies were reduced the will should read as though the reduced sum had been in the first instance provided for, is absolute, and not merely conditional upon a shrinkage of assets so as to render the estate insufficient to pay the legacies in full.

Argued Jan. 23, 1919. Appeal, No. 222, Jan. T., 1919, by Caroline M. Kirkland, from decree of O. C. Philadelphia Co., April T., 1918, No. 596, dismissing exceptions to adjudication of an account in the Estate of Harriet C. Prevost, deceased. Before BROWN, C. J., STEWART, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Exceptions to adjudication. Before GEST, J.

From the record it appears that the testatrix added a codicil to her will which provided:

"In order to avoid a possible deficiency, which may grow out of the shrinking of investments, I reduce some of the legacies in my will as follows."

Exceptions to the adjudication of the auditing judge were dismissed for the reasons stated in the following opinion by ANDERSON, J.:

In this estate, the testatrix, having given, inter alia, a legacy of $50,000 in trust for the exceptant, afterwards by a codicil, in which she states that she fears a shrinkage of investments, reduced among others this legacy to $40,000, and subsequently provided that where legacies were reduced the will should read as though the reduced sum, instead of that originally named, had been in the first instance provided for.

The exceptant, arguing that the reduction feared by the testatrix had not taken place, claimed that the purpose of the testatrix was to cut down her legacies only in case of a shrinkage sufficient to materially depreciate the value of the estate, and, this not having taken place, the original amount of the legacies should have been awarded.

The auditing judge, in a careful and elaborate opinion, decided that the reduction was not a conditional but an absolute one, and therefore awarded to the trustees for the claimant the reduced amount [27 Dist. R. 933].

A perusal of the codicil fails to disclose any condition; on the contrary, it appears that there is an absolute reduction of the amount of the legacy. It was the tes-

tatrix's right to give what she pleased and the fact that she may have been mistaken in her figures cannot affect the fact that she did reduce the legacy without qualification.

For these reasons and for the reasons given by the auditing judge in his adjudication, the exceptions are dismissed and the adjudication confirmed absolutely.

*Error assigned* was the decree of the court.

*Ulysses S. Koons,* for appellant.

*Raymond M. Remick,* with him *Prichard, Saul, Bayard & Evans,* for appellee, were not heard.

PER CURIAM, February 17, 1919:

The correct conclusion of the learned court below was that the reduction by the testatrix in her codicil of the legacy given in her will to the appellant was absolute, and not conditional.

Appeal dismissed, at appellant's costs.