## McDermott's Estate.

*Wills—Codicil—Revocation—Interpretation—Intention of the testator.*

Testator gave legacies of $1000 to each of two hospitals named. He subsequently, by holographic codicil, directed: "I wish my executor to see that my wife Anastasia get a competence." There were further provisions contained in the codicil for the *pro rata* reduction of charitable bequests, and it expressly revoked "the bequest to St. Josephs Hospital and the same to the German Hospital so that will help out in case the estate would shrink too much:" *Held*, that the purpose of the codicil was to assure a competence to the widow and to make provision for use of the principal if that was necessary, and the widow now being deceased, and there being a sum in excess of the amount provided for the legacies, the intention of the testator had been carried out without the necessity of a revocation of any particular legacy; hence, the gifts to the hospitals should stand as written in the will.

Exceptions to adjudication. O. C. Phila. Co., Jan. T., 1912, No. 568.

*Graham & Gilfillan*, for exceptions.

*Frederick C. Newbourg, Jr.*, and *Joseph G. Magee*, contra.

HENDERSON, J., July 28, 1922.—By his will the testator gave legacies of $1000 each to St. Joseph's Hospital and to the Lankenau (formerly the German) Hospital.

McDermott's Estate.

By a holographic codicil he directed as follows (the physical arrangement as made in the original it is attempted to reproduce) :

> "Codicil to the will of John McDermott
> I wish by executor to see that my wife
> Anastasia get a competence out of my
> estate and if the estate should shrink
> too much for my executor to sell Mortgages
> or property to keep up a certain nice income
> that need not reduce any private bequests
> but the charitable bequest can be reduced
> *pro rata*
>
> "and I hereby revoke the bequest to
> St. Josephs Hospital and the same to the
> German Hospital so that will help out
> in case the estate would shrink too much
> the papers and everything is in safe and
> wash stand drawer
>
> "the combination of safe is 4.40s left
> 2.20s right then a little turn to left
> and open."

It is contended by the residuary legatees that the effect of this codicil was to revoke the bequests to these two hospitals. The auditing judge held that the purpose of the codicil was to assure a competence to the widow and make provision for the use of the principal, if that should be necessary, and as the widow is now dead and it had not been found necessary to use any principal for her competence, that the contingency provided for in the codicil fell, and, hence, the condition under which a revocation was to be worked not having arisen, the gifts to these two charities should stand as they were written in the will.

We think the auditing judge was correct in his interpretation, and little need be added to the reasons set out in his adjudication.

This codicil is clumsily phrased and the clauses are inaptly placed. Nevertheless, when the intent is once ascertained, an inapt arrangement of the phrases will not defeat the same.

In addition to the authorities cited by the auditing judge, we call attention to Worst *v.* De Haven, 262 Pa. 39, wherein it was said: "In obscurely expressed wills, a word or sentence may be transposed in order to effect the apparent intent of the testator;" and therein was cited in support of this principle the cases of Roberjot *v.* Mazurie, 14 S. & R. 42, and Eckert *v.* Pennsylvania Trust Co., 212 Pa. 372.

The codicil really contains two conditional revocations, the first relating to all the charitable bequests, and the second relating only to the bequests to these two hospitals. Applying the rule laid down in Worst *v.* De Haven, we may transpose a portion of the codicil now before us and thereby the better show the apparent intent of the testator. By placing the words "in case the estate should shrink too much" before the words "I hereby revoke," this portion of the codicil would then read, "in case the estate should shrink too much I hereby revoke the bequest to St. Josephs Hospital and the bequest to the German Hospital so that will help out."

The widow now being deceased and there being a sum in excess of the amount provided for the legacies, the intention of the testator has been carried out without the necessity of a revocation of any particular legacy.

1 D. & C.

### McDermott's Estate.

It is elementary that a will and codicil are to be read together, and the codicil should make no greater change in the provisions of the will than are absolutely necessary under its language. The widow has had her competence, the fund is more than large enough to pay all the legacies in full, including those now under discussion, and, hence, there has been no shrinkage and no occasion to resort to the contingent provisions of this codicil.

Melville's Estate, 22 Dist. R. 1029, 245 Pa. 318, is to be distinguished from the instant case, in that the revocation cannot be said to have been for the sole purpose of making the charitable gift. Judge Dallett in his opinion rested on this ground when he said (page 1033): "The revocation cannot be said, therefore, to have been for the sole purpose of making the charitable gift, and, as the heir 'is not to be disinherited except by express words or by a necessary implication,' it must stand as a complete revocation."

The Supreme Court, speaking through Mr. Justice Stewart, also rested on this ground (245 Pa. 322): "What induced the making of the codicil was his discovery that, except as his will was changed, $150,000 of his estate would pass to these appellants under the residuary clause, whereas up to that time he had rested in the belief that whatever amount, if any, would pass under the residuary clause would be an inconsiderable part. So much we may safely conclude from what appears in the will and codicil. The substitution of another by the codicil to succeed to this enlarged residuum was equivalent to a positive expression that those appointed by the will to take should be excluded because of his better understanding of conditions. The language of the codicil makes it clear to our mind that the new disposition made thereby was the result of a predetermination to revoke the old."

Prevost's Estate, 264 Pa. 27, is also to be distinguished from the instant case because, as was pointed out therein by Judge Gest, the possible deficiency had to do, not merely with the pecuniary legacies, but with the residuary estate which was left to testatrix's sister, the principal object of her bounty. In other words, by cutting down the pecuniary legacies she enlarged the gift to her sister, and, hence, the possible deficiency referred to was not merely a question as to the pecuniary legacies, but also related to the gift of her residuary estate to her sister.

The exceptions are dismissed and the adjudication confirmed absolutely.