## Moorhead's Estate.

*Wills—Trust—Annuities—Surplus income—Invested interest.*

A will provided that the surplus income after paying all bequests, annuities, etc., should be distributed to the testator's heirs. One of these heirs was a grandchild who was deceased at the time of distribution, leaving as her heir, her father, the divorced husband of the testator's daughter.

A codicil of the will provided that no money should be allowed to pass into the hands of this divorced husband of the testator's daughter, but that the share of the latter should be paid to her four children, naming them, "or their proper heirs who may be entitled to the same."

168, (1922).]			Syllabus—Arguments.

*Held:* that the estate having vested in the granddaughter and her father being her heir, the distribution must be made to him notwithstanding the language of the codicil.

An heir is not to be disinherited except by express direction or necessary implication.

Argued October 4, 1922.  Appeal, No. 44, Oct. T., 1922, by Frances Moorhead, from decree of O. C. Phila. Co., Jan. T., 1890, No. 298, dismissing exceptions to adjudication of Trustees' Fourth Account.  Before PORTER, HENDERSON, TREXLER, KELLER and GAWTHROP, JJ.  Affirmed.

Exceptions to adjudication.  Before GUMMEY, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions.  Exceptant appealed.

*Error assigned,* among others, was the decree of the court.

*Paxson Deeter,* of *Bell, Kendrick, Trinkle & Deeter,* for appellant.—The award of the surplus income to Clara Moorhead's administrators violates the prohibition contained in the third codicil of the testator's will: Moorhead's Est., 180 Pa. 119.

An exclusion from participation under a will may be effective to prevent the excluded person from taking even as next of kin of one having a vested interest under the will: Pattin v. Scott, 270 Pa. 49; Thistle's Est., 263 Pa. 60; Gorgas's Est., 166 Pa. 269; Tucker's Est., 209 Pa. 521.

*Walter C. Douglas, Jr.,* for appellee, cited: DeSilver's Est., 142 Pa. 75; Jarman on Wills, 356; Nebinger's Est., 185 Pa. 399; Thistle's Est., 263 Pa. 60; Faries's App., 23 Pa. 29.

OPINION BY HENDERSON, J., December 14, 1922:

The testator having created a trust with respect to his estate made provision for the payment to his children or their issue of fixed annuities. The amount so disposed of is less than the income of the estate. An income surplus was therefore produced, distribution of a part of which is the subject of the controversy brought before us on this appeal. It is conceded that the fund in question is disposed of by the following clause in the testator's will: "If there be anything remaining of my estate after the payment of all the annuities, bequests, devises and legacies and just claims against my estate as hereinbefore specified and directed to be paid, I give and bequeath the same to my own right heirs." The testator left to survive him his wife and four children: Charles, Ada Moorhead Thomas, Clara Moorhead Cook, and Caroline Moorhead Thropp. Charles died January 7, 1905, without issue. His interest in the income surplus he assigned to his three sisters. Caroline died January 17, 1919. She had been married to Joseph E. Thropp from whom she was divorced March 12, 1887. They had five children; four of whom remained with her and took the name of Moorhead and the remaining son, Joseph, retained his father's name. Caroline bequeathed her estate to her five children, one of whom, Clara, died April 12, 1919, intestate, unmarried and without issue. The question now raised relates to the distribution of the share of the income surplus which Clara, if living, would be entitled to under her mother's will. Without doubt on the facts above stated, Clara's father, Joseph E. Thropp, would be entitled to her share under the statute of distribution. It is contended, however, that this result does not follow because of the third codicil of the will wherein it is provided as follows: "Second—That in the event of the decease of my daughter Caroline, I direct that my Trustees shall hold the annuity provided in my will for my daughter Caroline, or her heirs to be equally distributed among her four children, to wit: Clara, Amy,

Frank and Moorhead; and no part thereof to go to Joseph Earlston Thropp, her only other child, and I further direct, that no money, or other valuables belonging to my daughter Caroline's estate held by my Trustees shall be allowed to pass into the hands or control of the father of these children of my daughter Caroline directly or indirectly, but that the same shall be paid by my Trustees to each of the four children above named, or their proper heirs who may be entitled to the same, subject to the conditions and stipulations as to other provisions made for each of them, in regard to any payments of money to them, or for their account." It is claimed on behalf of the appellant that the effect of the codicil is to exclude Joseph E. Thropp, the father, from an inheritance under the intestate law for the reason that a portion of the testator's estate would thereby pass into the hands or control of the father of Caroline's children and thereby the intention of the testator would be defeated. It may well be doubted whether the restrictive clause of the codicil has reference to anything except the custody of any part of Caroline's estate to which the four children above named or their proper heirs might be entitled. It contemplates payment directly to the children or to the proper heirs of any of them who might have died before the time of payment, and this provision for direct payment is explanatory of the provision that such property shall not be allowed to pass into the hands or control of the father. But if it have the comprehensive meaning attributed to it by the learned counsel for the appellant, the question is whether the restriction is so clear and complete as to prevent the father of the deceased child, Clara, from inheriting her share as next of kin. It will be seen by reference to the will that an absolute estate was given to Caroline. The appellant contends that Caroline did not have a general power to dispose of her estate. At the most it is only asserted however that she might not do so in the case of her husband. The argument is that by reason of the clause in

question, her husband could not by inheritance or otherwise acquire any interest in the property of the testator. That this could not have been the latter's intention may be inferred from the fact that while excluding the father from possession or control of the children's estate, the share of any child which might die is to be given to such decedent's "proper heirs." In the absence of a controlling direction that the estate should go to some particular person, the statute declares the effect of this bequest and the father of Clara would take by direction of the statute. He would take, however, from Clara's estate for she had a vested interest under her mother's will. We do not find in the codicil language which we think bears the construction that Joseph E. Thropp was excluded from inheritance under the statute. It is not questioned that Clara could have disposed of her estate in her lifetime. The gift of the remainder of the estate being "to my own right heirs," clear and definite language must be found in the codicil to show that the testator intended the restriction to operate beyond the time when the estate came into possession of the "right heirs." The provision relied on has not, in our judgment, the effect contended for; otherwise the power of control by the legatees was limited and this effect is not deducible from the whole tenor of the will and codicil. An estate having vested in Caroline, Clara took as her legatee, and upon the death of the latter, the statute stepped in to declare who should share in her estate. It will be observed too that the codicil makes no disposal of the estate contrary to the operation of the statute. The testator does not declare who shall take instead of Clara's father, and we are left to conjecture as to what should be done with that share, unless resort is had to the codicil, and there it is provided that in case of the death of any of the children such estate shall go to their proper heirs, and if effect is to be given to that provision, we are brought around to the position in which the statute puts the father. Reliance is placed on Tucker's

Est., 209 Pa. 521, in support of the appellant's position. There is a distinction between that case and the one now before us. In the former the will created a plan of distribution covering contingencies until the complete distribution of the estate. There was not only an express exclusion of the Tuckers, but a direction that the estate should be given to the heirs of the testator's mother who were not of the family of Tucker. The whole descent of the estate was directed by clear and definite language to the exclusion of the Tuckers in the final disposal of the property. It is a well-known rule that an heir is not to be disinherited except by express direction or necessary implication: Simpson Est., 245 Pa. 244; and a consideration of the testator's will satisfies us that it cannot have the effect contended for by the appellant. The statute having directed the order of descent, nothing but a clear direction or a necessary inference will prevent its operation.

As we view the case the decree of the orphans' court is free from error and is affirmed at the cost of the appellant.