NOTE.—See Com. v. Kekic, 3 D. & C. 273.

---

## Rominger's Estate.

*Wills—Construction—Annuities—Words importing death—Termination of trust.*

Testator left the residue of his estate in trust to pay annuities to A, B, C and D, and to pay the rest of his income to his widow for life, and upon her death to pay A the principal so held in trust, reserving, however, sufficient to produce the income required to pay the annuities. As each annuity fell in, the principal reserved to maintain it was directed to be paid to A. If A died before the widow or the last surviving annuitant, all principal and income were to be paid to her issue, if any. The widow, C and D died: *Held*, that A's issue took only if A died in the lifetime of the widow and of the annuitants other than herself, and, therefore, as she alone was interested in the fund set aside to produce her annuity, she had the right to terminate the trust in regard thereto.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1917, No. 404.

*Graham & Gilfillan,* for exceptants.

LAMORELLE, P. J., May 28, 1923.—The exceptions raise the one question, whether the auditing judge erred in declining to award the sum of $10,000 to the trustee to provide an annuity for Nettie L. Stoer.

Testator bequeathed and devised his residuary estate to those named as trustees in his will, to pay four annuities—one of them of $300, the beneficiary being a granddaughter, Nettie L. Stoer—and to pay the rest of the income to his wife, Mattie A. Rominger, for life or during widowhood. Upon the death of his wife (who was one of the trustees), he directed the surviving trustee to pay over to Nettie L. Stoer, absolutely, the principal sum so held in trust, reserving, however, sufficient principal to produce the income required to pay the several annuities. It would, therefore, seem to have been his intention to sever all of the annuities—necessarily including that of Nettie L. Stoer—from the rest of his estate; for no exception was made in her case. As each annuity fell in by the death of an annuitant, such share so reserved was directed to be paid to Nettie L. Stoer. In event, however, of the death of Nettie L. Stoer prior to the death of his wife "or the last surviving annuitant above named," which would, of course, include as an annuitant Nettie L. Stoer, the payments of principal and of income were to be made to her lawful issue, if any.

The widow is dead. Two annuitants are alive, one of whom is Nettie L. Stoer. Ten thousand dollars have been set aside for the other annuitant, and the auditing judge has decided that all of the rest of the principal of the estate is to be paid over and distributed to Nettie L. Stoer.

In this ruling we concur.

Nettie L. Stoer could not well survive herself; but this conclusion would necessarily follow if we interpret the will literally. And did we so interpret, in that she is one of the four annuitants, we would then be called upon to say

whether, on her death, she or her issue was entitled to the fund to be released. This involves contradiction in terms, and such construction would be an absurdity. Perforce, we seek a reasonable interpretation, and that is that it matters not whether she is the survivor of the annuitants or not, since no legal reason exists for separating this fund from the residue of the estate. No separate-use or spendthrift trust is created for her benefit, and there is now no remainder over upon her death, in that, when the widow died, Nettie L. Stoer was given the *corpus* of the estate, subject to setting aside sums for the protection of the existing annuitants; to hold that her annuity should continue would be inconsistent with gifts of residue upon the death of the wife.

We reach the same result if we insert a parenthetical phrase "other than that to Nettie L. Stoer" in the reservation clause after the bequest of *corpus* upon the death of the wife; thus, "Reserving, however, sufficient principal to produce the income necessary to pay the several annuities" *(other than that to Nettie L. Stoer)* "above mentioned." See Ferry's Appeal, 102 Pa. 207, cited with approval in Worst v. De Haven, 262 Pa. 39, 42.

In short, it is a matter of no moment whether Nettie L. Stoer is the survivor of all of the annuitants, or whether she dies in the lifetime of the other living annuitant, for the construction we adopt is one which harmonizes the apparently contradictory clauses of the will; and it is, that her issue are to take, if at all, only in case she should die in the lifetime of the widow and of the annuitants other than herself. It follows, therefore, that, as she alone is interested in the fund producing her annuity, she has the legal right to terminate such trust.

The exceptions are dismissed and the adjudication is confirmed absolutely.