### Jenkins Estate

*George Brinley Richards* and *Roger N. Nanovic*, for accountant.

*Thomas S. McCready*, for widow.

*Frank D. Llewellyn*, for residuary legatee.

HEIMBACH, P. J., January 18, 1974.—Augusta Jenkins, the sole beneficiary of a trust provision under the will of Thomas J. Jenkins, deceased, excepts to the account of the trustee for the period June 16, 1963, to July 9, 1973, for these reasons:

(a) because the trustee includes as an addition to principal accumulated income that should be distributed to her; and

(b) because the trustee has charged expenses against income that should be charged against principal.

Evan L. Jenkins, a stepson of Augusta Jenkins and one of three residuary legatees under said will, excepts to such account for these reasons:

(a) because the trustee includes as an addition to principal accumulations of income in excess of $2,400 a year, which should be distributed to those heirs of

Thomas J. Jenkins who would take under the intestate law; and

(b) that the trustee should not be allowed any commission nor should any attorney fees be allowed on the enhanced value of the principal estate.

Summarized, the facts giving rise to these exceptions are these:

Thomas J. Jenkins, the husband of exceptant, Augusta Jenkins, and father of exceptant, Evan L. Jenkins, died testate, on May 27, 1945. His will, dated September 21, 1944, reads as follows:

"BE IT REMEMBERED, THAT I, Thomas J. Jenkins, of the Borough of Lansford, in the County of Carbon and State of Pennsylvania, being of sound mind, memory and understanding, do make and publish this my Last Will and Testament, hereby revoking and making void all former Wills by me at any time heretofore made.

"And first, I direct that my funeral be conducted in a manner corresponding with my estate and situation in life and that all my just debts and funeral expenses be fully paid and satisfied as soon as conveniently may be after my decease.

"And to such estate as it has pleased God to entrust me with, I dispose of the same as follows, viz;

"1. I give, devise and bequeath, unto my beloved wife, Agusta Jenkins, the income from my estate, for and during the full term of her natural life, and after her death the entire principal of my estate is to be divided among my three children, Jenkin E. Jenkins, Evan L. Jenkins and Mrs. Jane Rodgers, share and share alike.

"2. The payments to my wife during her life, of the income from my estate, are to be made as follows:

"One hundred fifty ($150) dollars each and every month, and should the income during any month ex-

ceed the one hundred fifty ($150) dollars, the surplus over said sum, shall be put in a fund and $600 out of this fund paid to her on the first day of December each and every year.

"3. My hereinafter named executors, may without liability invest, reinvest and keep invested the principal of the estate, in such investments as they may deem prudent, without being confined to such as are usually termed 'Legal Investments.'

"And I hereby nominate, constitute and appoint my wife, Agusta Jenkins, and Samuel Boyle, Jr. Executors of this my last Will and Testament.

"In Witness Whereof, I, Thomas J. Jenkins, the Testator, have to this, my Will, written on one sheet of paper, set my hand and seal, this 21st day of September A.D. One Thousand Nine Hundred and forty-four (1944).

/s/ THOMAS J. JENKINS (Seal)

"Signed, sealed, published and declared by the above named Thomas J. Jenkins as and for his last Will and Testament, in the presence of us, who have hereunto subscribed our names at his request as witnesses thereto, in the presence of the said Testator, and of each other.

/s/ MELBA K. HUGHES

/s/ RUSSELL O. FESSLER "

On December 12, 1958, pursuant to a petition of the residuary legatees and Augusta Jenkins, Samuel Boyle, Jr. the co-executor having died, the court appointed Thomas W. Chapman trustee to carry out the provisions of the will and approved the transfer of the assets to him. Attached to the petition for the appointment of the trustee was the approved first and final account of Augusta Jenkins, accounting for the administration

of the estate from its inception until October 8, 1958, when she delivered the assets to the trustee. The account shows the estate's assets at the time of decedent's death in 1945 was in the amount of $36,958.54. During the period from 1945 until 1958, the securities, forming the corpus of the estate, increased in value, so that at the time of the transfer to the trustee the value of such assets was $58,316.84. During this same period, Augusta Jenkins, executrix, charged herself with having received income in the total amount of $23,448, and took credit for expenses in the amount of $226.21 and payments to her individually in the amount of $23,100, or an average of slightly less than $1,800 a year. From 1958 until December 1, 1966, the annual income from the estate did not exceed $2,400. Such income was paid to Augusta Jenkins. Subsequently, and primarily because of an exchange of stock in a telephone company merger, the principal assets greatly increased in value, as did the accrued income. The trustee between December 1, 1966, and July 9, 1973, added to principal the sum of $15,962.29 received by him as income in excess of the sum of $2,400 paid annually to Augusta Jenkins.

### DISCUSSION

Exceptant, Augusta Jenkins, argues she is entitled to receive such $15,962.29 as the life tenant of the income under the provisions of the will.

Exceptant Evan L. Jenkins argues that all income in excess of $2,400 a year accumulated by the trustee and added to principal, as directed by the will, is in violation of the Act of 1853, April 18, P. L. 503, sec. 9, and such accumulations should immediately be distributed to those entitled to take under the intestate laws.

What Mr. Justice, now Chief Justice, Jones said in Hill Estate, 432 Pa. 269, 272, is apposite:

"In resolving this question, we bear in mind certain well settled principles in this area of the law; (a) the duty of the court is to ascertain, if possible, the intent of the testator (citing cases); (b) the court must garner, if possible, the intent of the testator from a consideration of all the language contained in the four corners of the will, together with all the surrounding and attendant circumstances and from the scheme of distribution and not merely from isolated clauses or provisions of the will (citing cases); (c) '[w]hen a decedent drafts a last will and testament, he is presumed, in the absence of an indication to the contrary, to have intended to dispose of his entire estate and not to die intestate as to any part of it' and a construction should be adopted that would avoid an intestacy unless such construction would do violence to the language of the will: Farrington Will, 422 Pa. 164, 168, 220 A. 2d 790 (1966) and authorities cited therein."

And likewise apposite is the statement of Mr. Justice Schaffer in Garrett's Estate, 321 Pa. 74, 76:

"A long line of our cases, of which Tarter's Est., 291 Pa. 458, 462; Crawford v. Withrow, 314 Pa. 497, 499, 500; Rapson's Est., 318 Pa. 587, 590, . . . lay down the principle that where in a will an absolute estate is given it will not be cut down by subsequent language unless the intent so to do is clear."

When we apply these guidelines to the facts, we find no clear intention in paragraph 4 of the will to cut down the absolute estate given to Augusta Jenkins. The inference is warranted that he intended her to have all the income from his estate, but, in view of its size, it was extremely unlikely income in excess of $150 a month would be produced, but if by chance it was,

he wanted such excess accumulated so that a worthwhile sum could be distributed to her at one time. This inference of decedent's intention is further strengthened by his failure to name any beneficiary, other than Augusta Jenkins, to receive any income from his estate while she was living and likewise by the absence of any provision for the distribution of accumulated income after her death. See McKeown Trust, 384 Pa. 79, and Schnurman Estate, 4 Fid. Rep. 360, to the same effect.

For these reasons, we will enter an order sustaining Augusta Jenkins' first exception and dismissing the exceptions of Evan L. Jenkins. We add that had we concluded that Augusta Jenkins could receive no more than $600 the 1st day of December of each year, in addition to $150 a month, such a conclusion would not have presently benefitted the residuary legatees nor would such accumulation of excess income have been in violation of the unlawful accumulation provision of the Act of 1853, supra. We are of the opinion that the only other interpretation applicable to paragraph 4 of the will is that all excess income over $150 a month should be accumulated to provide a contingent fund for the further payment of $600 yearly to Augusta Jenkins during her lifetime. See Hibbs Estate, 143 Pa. 217, where the court distinguishes accumulations intended by testator to be permanent and to take the destination of the original trust estate and the accumulation intended to be temporary and in the interest of judicious management; the first is within the prohibition; the second is not.

Since the question of commission and attorney fees out of the principal estate does not presently arise, we likewise will dismiss Evan L. Jenkins' second exception.

Augusta Jenkins' second exception relates:

108

(1) to the payment of county personal property tax out of income instead of principal.

Payment out of income is proper. See Fleck Estate, 406 Pa. 363 (1962).

(2) to the payment to Protestant Cemetery Association of $141 for perpetual care and maintenance of decedent's burial plot.

These amounts should have been paid out of principal as expenses on unproductive estate, and the exception as to this payment is sustained: Act of May 3, 1945, P. L. 416, sec. 12(1)(2), 20 PS §3482, now repealed. For similar provision see Probate, Estates and Fiduciaries Code, Act of June 30, 1972 (no. 164), 20 PS §8111.

(3) to the payment to Dime Bank of Lansford—income on Endicott Johnson stock $3.84.

Payment of this amount out of income is proper: Section 8111, supra.

Wherefore, we enter the following

ORDER

Now, to wit, January 18, 1974, the exception of Augusta Jenkins to the addition of income in the amount of $15,962.29 to principal is sustained, and it is ordered and decreed that the trustee shall pay such sum to her. Her exception to the payment of $141 to the Protestant Cemetery Association of Nesquehoning for maintenance and perpetual care of burial plot instead of out of principal likewise is sustained, and it is directed that the trustee shall pay such sum to her.

All other exceptions of Augusta Jenkins are dismissed.

The exceptions of Evan L. Jenkins are dismissed.

Costs to be paid out of principal.