**1300 Washington Avenue, L.P. v. City of Philadelphia Bd. of Revision of Taxes**

*Dawn M. Tancredi,* for plaintiff.
*Joanne R. Strauss,* for defendant.

FOX, *J.,* January 25, 2011—1300 Washington Avenue LP, has appealed this court's order of December 2, 2010. The basis for this court's decision is set forth in the opinion that accompanied the order. A copy of that opinion is appended hereto and forwarded to the Pennsylvania Commonwealth Court with the record.

1300 Washington Avenue, LP (appellant) has appealed

the decision of the board of revision of taxes (board) in which the assessed value of the premises located at 1300-18 Washington Avenue (property) was increased for the year 2009 from $600,000.00 to $750,000.00 assessed value; with a market value of $192,000.00 increased to $240,000.00.

## FACTUAL and PROCEDURAL HISTORY

The property is located at 1300-18 Washington Avenue with an account number 88-2-002900. The improvements on the property consist of a one-story masonry structure with a retail grocery, Sav-A-Lot, as the tenant. There is off-street parking surrounding the structure.

At the hearing in this matter the board offered into evidence the certified record card from the board, the deed from appellant's purchase of the property and other documents. The assessor, Sharon Swain, testified on behalf of the board that appellant purchased the property on October 3, 2008 for $2,200,000.00 with a purchase money mortgage with Alliance Bank for $1,550,000.00

Ms. Swain has been an assessor for the board for approximately six years. She was assigned to conduct assessments of commercial properties within a certain geographical area. She is a college graduate with a Bachelor of Art degree. She is also has a real estate license issued by the Commonwealth of Pennsylvania. Ms. Swain testified that she had been assigned to do routine commercial property assessments in an area known as the "Avenue of the Arts." The subject property is located within this area. Her assessment of this property included a comparison other commercial properties with a retail component along the corridor of Washington Avenue from 900 to 2100

blocks. She specifically compared it to a CVS located at the corner of 11th and Washington Avenue and an Asian food market located at 12th and Washington Avenue. She compared the lot size of the property and the percentage of space used for retail. She also submitted as an exhibit a list of other commercial properties she considered when conducting this assessment. That document was admitted into evidence. The properties she compared had retail components with off street parking. She testified that the purchase price, the mortgage, the improvements and the comparables in the area as being the basis upon which she determined the assessed value and market value of the subject property. Pursuant to her assessment and based upon her experience and the comparables she opined that the market value of this property is $240,000.00 with an assessed value of $750,000.00.

Michael Carosella is one of the partners of 1300 Washington Avenue, LP and testified on behalf of appellant. He testified that when this property was purchased there was an existing long-term lease with the tenant Sav-A-Lot. This lease had been entered into with the previous property owner. This lease does not allow the landlord to pass on to the tenant any increase in taxes which would result from this increased tax assessment. He opined that in spite of the purchase price, the market value of the property remains at $192,000.00, the assessed value should remain at $600,000.00, and that an increase to $750,000.00 is neither justified nor fair. Mr. Carrosella admitted the purchase price and the mortgage described above. However, appellant contends that the existence of a long term lease which requires the landlord to carry any additional costs which would result from an increased tax assessment,

drastically affects the "fair market value" of the property. He contends that despite the actual purchase price, the inability to increase the rental results in an inability to meet its monthly costs on the part of the owner thus reducing the "market value." Mr. Carosella opined that as the owner of the property the value did increase primarily due to the restrictions contained in the long term lease. He also testified that he owns other properties in the area and is familiar with the real estate market and the value of commercial properties along this Washington Avenue corridor. Specifically he testified as to properties in this same block of Washington Avenue and compared the BRT assessed values/market values with the proposed increase on this property.

Appellant presented the BRT (Board of Review of Taxes) records for the properties adjacent to the property in question, 1322-24 Washington Avenue, 1326-36 Washington Avenue and 1342 Washington Avenue. Although appellant testified that each of these properties were commercial and with a rental component, Ms. Swain testified that she did not consider these properties to determine comparables because BRT records do not list these as commercial.

The board contends that these properties were not considered because they are not designated "commercial" under the BRT records. Therefore, in spite of their use, they were not considered for purposes of this assessment. Appellant presented to the court a comparison of these properties as the square footage, the actual value and the assessed value for each of the properties. He believed these properties should have been the basis of any comparison done by the assessor. He further contended that board's

failure to consider these properties resulted in an error and was unfair. Appellant presented photographs of each of the properties specified above. Each property did in fact appear to be commercial with a retail component.

Finally, appellant presented an income and expense statement for the property in question and again indicated that this increase in assessed/market value, as well as the existence of the lease with a no increase clause, will result in an inability to meet his expenses on this property.

## DISCUSSION

The board presented as its expert witness, the assessor who testified as to the value, the improvements on the land, and the comparables she used in determining this assessment. Further, the purchase price for this property appeared to be consistent with this change in assessment and market value. In presenting this to the court, she did in fact differentiate between the land and the improvements thereon. The last change regarding the value of property was in 1996. The board also presented copies of photographs. Exhibit City B contains the list of properties considered by Ms. Swain.

The board contended that it had presented sufficient evidence to confirm its assessment as follows:

| Year | Market Value | Ratio | Assessed Value |
|------|-------------|-------|----------------|
| 2009 | $750,000.00 | 32% | $240,000.00 |

Appellant did not present an appraisal for the property at issue nor did it present an appraisal for the properties adjacent to the one at issue. Appellant contends that the assessment is excessive, unfair, unjust and unequal. The

court must, from the evidence presented, determine the fair market value of the property as a whole and fix the assessment accordingly. *Sheldon Hotel Corporation Assessment Appeal*, 668 A.2d 242. The "trier of fact must consider all competent evidence presented by the parties as to the value of the property in question." *May Department Stores Company v. Allegheny County Board of Property Assessment, Appeals and Review, et al.*, 441 Pa. 556, 272 A.2d 862 (1971). As further stated in this *Mays* case, "the court below must first decide on the basis of the competent, credible and relevant evidence produced by all of the parties what the fair market value of the property involved is." *Id.* 286. "Fair Market Value" is defined as "the price which a purchaser, willing but not obligated to buy, would pay an owner, willing but not obligated to sell, taking into consideration all uses to which the property is adapted and might in reason be applied." *Buhl Found v. Board of Property Assessment of Allegheny County*, 407 Pa. 567, 570, 180 A.2d 900, 902 (1962).

In this case the court finds that the board presented evidence to make out a prima facie case for the validity of the assessment. The court finds that the evidence presented by Ms. Swain was credible and a reasonable basis upon which to determine market value.

Appellant on the other hand has failed to present any evidence other than the testimony of Mr. Carosella, a partner in appellant. Although appellant's counsel cites *Hoffman v. Commonwealth,* 422 Pa. 166, 220 A 2d. 790, (1966), which found an owner of the property may testify as to market value, this testimony must be based on something other than mere speculation. In this case, appellant argued that the three properties adjacent to the property at

issue should have been basis of the comparables used by the board. However, as testified to by Ms. Swain, these properties are not considered commercial by the BRT and therefore could not be used as comparables.

Appellant contends that the "fair market value" of this property is dependent upon the conditions of the existing long term lease of the retail space. This lease does not allow the property owner to pass on to the tenant any increase in real estate tax that results from this increased assessment. Appellant contends that this reduces "fair market fair" in spite of the purchase price. As previously stated the court finds that the board has presented a prima facie case to establish its determination of market value and assessed value. This court finds the testimony of Ms. Swain to be credible. The court finds that appellant's testimony as to the adjacent properties and his contention that they be used as comparables is not relevant in this proceeding. These properties were not considered because in spite of their alleged use, the BRT does not classify them as commercial. The second argument as to the effects of the conditions/restrictions of the long term lease on the market value is relevant. However, the testimony of the lay witness was not sufficient to overcome appellant's burden on this appeal. Appellant contends that if the taxes are increased it cannot meet its expenses. However, the court received no evidence as to how this would affect "fair market value."

Accordingly, this court finds as follows:

The court therefore finds that the board correctly determined market value and assessed value for the year 2009 on the property in question and finds the valuation of 1300

Washington Avenue, Philadelphia to be for 2009 market value $750,000.00 and assessed value $240,000.00.

## ORDER

And now, November 29, 2010, upon consideration of the testimony and evidence presented and for the reason set forth above, the court finds that the Philadelphia Board of Revision of Taxes properly assessed that value of the property 1300 Washington Avenue and therefore the court values said property for the year 2009 as follows: market value $750,000.00, assessed value: $240,000.00.