# Dutilh's Estate.

*Wills—Interpretation — Trust — Devise of income to surviving
child.*

A testator directed that the income from a trust fund be paid
to three daughters of the testator, two of whom were married.
The will further directed that the income should be paid to the
"survivors and survivor of them in case of the death of either
without leaving any child or issue of any deceased child living at
the time of her death, share and share alike for and during the
full term of their respective lives, for their sole and separate use."

If either of the said daughters should die leaving a child,
children, etc., the will provided that "the share of income of such
deceased daughter shall be paid over or appropriated to......
such child, etc.,......such issue, however, taking or receiving only
the parents' share till the time for distribution of said trust fund,
namely the death of the survivor of my said daughters."

One of the married daughters died leaving to survive her two
children, and subsequently the unmarried daughter died.

*Held:* that the share of the income payable to the latter should
be paid to the surviving daughter and not be divided between her
and the children of the other deceased sister.

Argued October 17, 1922.    Appeal, No. 190, Oct. T.,
1922, by Emily D. Agnew, from decree of O. C. Phila.

134, (1922).] Statement of Facts—Opinion of Court below.

Co., Jan. T., 1885, No. 323, dismissing exceptions to the adjudication of the account of the trustee in the Estate of Charles Dutilh. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Exceptions to adjudication.

The facts are stated in the following opinion by GEST, J., dismissing the exceptions to the adjudication:

The testator bequeathed $350,000 in trust to pay the income to his wife, (who survived him), for her life and after her death (which event since occurred), to pay the income to "my daughters, Mary D. Bell, Emily Dutilh and Catharine M. D. Grugan and the survivors and survivor of them in case of the death of either without leaving any child or issue of any deceased child living at the time of her death, share and share alike for and during the full term of their respective lives, for their sole and separate use. But if either of my said daughters shall die leaving a child, children or issue of any deceased child living at the time of her death, the share of income of such deceased daughter shall be paid over and appropriated to the support, maintenance and education of such child, children or issue of deceased children, share and share alike, such issue however, taking or receiving only the parent's share, till the time for distribution of said Trust Fund, namely, the death of the survivor of my said daughters."

Of these three daughters, Mrs. Grugan died in 1917, leaving two children, Charles D. Grugan and Emily D. Agnew, Emily Dutilh died in 1921, unmarried and without issue. The question before the auditing judge, as stated by him, arose as to the disposition to be made of the share of income, one-third, which Emily Dutilh received in her lifetime: Is it payable to Mrs. Bell, or is it payable one-half to Mrs. Bell and one-half to those taking through Mrs. Grugan? The auditing judge awarded the entire one-third of the income to Mrs. Bell, so that

she will receive two-thirds of the income of the whole estate, and these exceptions were filed to this award.

We are of opinion that the award made by the auditing judge is correct. The direction is to pay over the income of the trust fund to the three daughters nominatim, and the survivors and survivor of them for their respective lives, and this can have no other meaning in the absence of some further direction than to give the income to the three daughters as joint tenants. The will it should be observed, does not merely speak of the "survivors of his children," but the "survivors and survivor" of them, the use of the word "survivor" in the singular number showing clearly that the testator contemplated the event of there being a single surviving daughter, and pointing definitely to the death of each daughter as determining the period of survivorship. The testator, indeed, confines this meaning to the event of the death of a daughter without leaving children or issue living at the time of her death, and proceeds in the next paragraph to provide that in case a daughter leaves issue living at the time of her death, the deceased daughter's share of the income shall be used for the support and maintenance of her issue until the period of distribution of the capital of the fund, that is, the death of the survivor of the three daughters. The words of survivorship cannot, as is argued by the learned counsel of the exceptants, be referred to the death of the testator or to that of his widow, they refer to the death of any of the daughters. Whatever in any contingency is given to Mrs. Grugan is for her life only, and there is nothing in the will to show that the testator intended to give any greater income to her children than that which she enjoyed during her own lifetime. So when Mrs. Grugan died, her children came into the enjoyment of her share, but Emily Dutilh left no children, and the surviving daughter becomes in our opinion entitled to her share.

There is nothing unusual or unnatural in such a provision. As we said in Craig's Estate, 24 Dist. Rep. 851,

which case as the auditing judge justly said has some points of similarity to the present, the will seems to show the testator's desire to make his own children as recipients of the income the primary objects of his bounty until death of the survivor of them in preference to grandchildren or remoter issue.

The cases relied upon by the learned counsel of the exceptants do not in our opinion affect the present question, which concerns only the distribution of income. As to this we think the language of the will is sufficiently clear, irrespective of authority, but we may refer to Cranswick v. Pearson, 31 Beavan 624, and Begley v. Cook, 3 Drewry 662, as possessing some similar features.

The learned counsel of the exceptants argued that this construction of the will as to the income now before the court would logically lead on the death of Mrs. Bell to an unequal and unjust distribution of the principal as it might result in her children or issue receiving two-thirds of the fund, while Mrs. Grugan's children would receive but one-third, the will providing as to this distribution that "upon the death of the survivor of my said daughters I will and direct that the said Trust Fund shall be distributed to and among the children and issue of any deceased child then living, of my said respective daughters, in such manner and proportions as she shall have directed in any last will, testament or appointment in the nature thereof duly made and executed by her in respect to the share or portion, the income of which was paid to her as aforesaid. And in default of such last will, testament or appointment, to and among such children and issue of deceased children then living, share and share alike, such issue however taking only the parent's share. And in default of such last will, testament or appointment and of children or issue of deceased children then living, then in Trust for such persons as would be entitled thereto under the intestate laws of Pennsylvania if she had died possessed thereof single and unmarried freed from all trusts whatever."

138    DUTILH'S ESTATE.

It is perhaps sufficient to say that this question does not arise at the present time, and its solution cannot now be determined: Willard's App., 65 Pa. 265; a rule that has always been followed in this court: Hano's Est., 8 Dist. Rep. 353; Glanding's Est., 15 Dist. Rep. 985; Wear's Est., 25 Dist. Rep. 30. While we, therefore, refrain from even any discussion of the question, we may observe that the interpretation of the will as to the distribution of the principal is very susceptible of argument, and when this question comes before us in due time it will be approached with an open mind.

The exceptions are dismissed and the adjudication is confirmed absolutely.

Exceptant appealed.

*Error assigned,* among others, was the decree of the court.

*Clement B. Wood,* for appellant.—The testator did not intend that the accidental order of death of his daughters should cut off the issue of a daughter dying first from participation in the income from the share of a daughter dying subsequently without issue: Johnson v. Morton, 10 Pa. 245; Ross v. Drake, 37 Pa. 373; Sterling's Est., 24 W. N. C. 495; Woelpper's App., 126 Pa. 562; Alburger's App., 274 Pa. 15; Lapsley v. Lapsley, 9 Pa. 130; Bacon's Est., 202 Pa. 535.

*Charles F. DaCosta,* and with him *Allen Hunter White,* for appellee, cited: Norris's Est., 217 Pa. 548; Woelpper's App., 126 Pa. 562, 17 Atl. 870; Craig's Est., 24 Dist. Rep. 851; Steinmetz's Est., 194 Pa. 611; Pleasonton's App., 99 Pa. 362; Mullarky v. Sullivan, 136 N. Y. 227; Guernsey v. Guernsey, 36 N. Y. 267; Ashhurst v. Potter, 53 N. J. Eq. 608; Sinton v. Boyd, 19 Ohio St. 30; Baker v. Baker, 182 Ala. 194; Best v. Conn., 73 Ky. 36; Bayless v. Prescott, 79 Ky. 252.

134, (1922).]          Opinion of the Court.

PER CURIAM, December 11, 1922:

The majority of the judges who heard the argument of this case concur in the views expressed in the opinion of Judge GEST, overruling the exceptions to the findings of the auditing judge.

The decree is affirmed and the appeal dismissed at cost of the appellant.