## Kennedy's Estate.

*Wills—Construction—Gift to several jointly or to the survivor or survivors of them.*

Under a gift of one-fifth of the income of a fund to A, one-fifth to B, one-fifth to C, one-fifth to D and one-fifth to A, B and C jointly, or the survivor or survivors of them, and if A, B or C shall die during the term of the trust, then the share of the one so dying to be paid to the children she may leave to survive her, with a direction that if she shall die leaving no children surviving her, her share shall be added to the shares of the other beneficiaries, the alternative limitation to take effect in case A. B or C shall die during the term of the trust, refers to the one-fifth of the income given to each in severalty, and, on the death of one leaving a child, the interest of the one so dying in the one-fifth of the income given to the three jointly passes to the survivors to the exclusion of the child of the one so dying.

Exceptions to adjudication. O. C. Phila. Co., July T., 1917, No. 448.

The facts appear from the following extract from the adjudication of the Auditing Judge (VAN DUSEN, J.):

"Frank G. Kennedy died July 14, 1916, leaving his last will, duly probated, whereby, after directing the payment of his debts and funeral expenses, he devised and bequeathed the residue of his estate in trust to pay the income to his wife during her life (she died June 5, 1921), and

" '5. (b) In trust, upon the death of my said wife to hold the *corpus* or principal of my said estate for the term of five years after my said wife's decease, and to pay the net income therefrom arising in equal parts or shares semi-annually as follows: One equal part thereof to my daughter Anna; one equal part thereof to my daughter Vida; one equal part thereof to my daughter Helen; one equal part thereof equally to and amongst the children of my daughter Myra; one equal part thereof to my daughter, Anna, Vida and Helen jointly, or the survivor or the survivors of them; and in case my said daughter Anna, my said daughter Vida or my said daughter Helen should die prior to the commencement of this trust, or should die during the term of the said trust, then, and in that event the share of any daughter so dying shall be paid to and amongst any child or children she may leave to survive her, but if any such daughter so dying should leave no children her surviving then I direct that the part or share of said daughter shall be added to the shares of the other beneficiaries herein mentioned in the same proportions, and under the same conditions as are herein provided for the original shares of income, and *provided further*, that if my said three daughters Anna, Vida and Helen or the survivor or survivors of them, by a joint writing under their hands and seals shall at any time within the said period of five years above mentioned, signify their belief that the said trust should end, and their desire that it should end, then it shall come to an end upon the execution of such writing, and the principal or *corpus* of the said estate shall be distributed as hereinafter provided.

" '6. (c) *In trust*, upon the termination of the said trust either by the expiration of the term of five years above mentioned, or any sooner termination thereof, as above set forth, to distribute the *corpus* or principal of the said estate to the same persons and in the same shares or proportions as in paragraph *(b)* as provided for the distribution of the income.'

"Vida Kennedy McClure died March 16, 1925, leaving one child. The question arises whether the share of the daughter so dying, which goes to her child, is only the share which she enjoyed alone, or also her part in the share given 'to my daughter, Anna, Vida and Helen jointly, or the survivor or the

survivors of them.' That is to say, whether the share given to the three daughters is held as a joint tenancy with the common law incident of survivorship or as a tenancy in common. The Act of March 31, 1812, 5 Sm. Laws, 395, 2 Purd., 2031, provides:

"'If partition be not made between joint tenants, . . . the parts of those who died first shall not accrue to the survivors, but shall descend or pass by devise . . . and be considered to every other intent and purpose in the same manner as if such deceased joint tenants had been tenants in common.'

"This applies to both real and personal estate; but it is perfectly well settled by the cases hereinafter cited, and others, that the right of survivorship is only abolished as a *necessary* incident to joint tenancy, and that an intent to the contrary manifested in an instrument creating the estate will be given effect. The leading case is Arnold v. Jack's Executors, 24 Pa. 57, in which the devise was to testator's brothers 'as joint tenants *and* to the survivors or survivor of them, and the heirs of said survivor; to be assignable by my said brothers, or their survivors, at any time, or in any manner they may think proper; provided the said brothers or their survivors shall all, or both, if one be dead, assent to such assignment; but the survivor of them may assign and convey, or devise at his pleasure.'

"It was held that this was equivalent to a common-law joint tenancy. The court said: 'Had the testator merely given the estate to his brothers as joint tenants, it may be that the Act of 1812 would have excluded the right of survivorship. Had it been devised simply to the three, the survivors or survivor of them, it is probable that its true construction would have referred the time or survivorship to the death of the testator; but when we find that the devise is to the three brothers expressly as 'joint-tenants, and the survivors and survivor of them, and the heirs of said survivor, and that the right to transfer depends upon the assent of all, we cannot doubt but that the ultimate survivor was finally to be the recipient of the entire estate.' '

"The same construction was given to the same will in an action dealing with personal estate, reported as Jack's Executors v. Arnold, 1 Grant, 405. The present case falls exactly within this decision. The will uses the same expressions—'jointly' being the equivalent of 'as joint tenants,' and the further limitation to the 'survivors' being common to both.

"The same result was reached in Percy v. Hurley, 24 Dist. R. 253 (C. P. No. 3), where the devise was to two daughters 'during their joint lives. . . . In case of death of either one, the house and all the household goods to be bequeathed to the surviving one;' and there was a gift to the other if one should marry, and provision for sale and equal division if both should marry.

"I admit, however, the difficulty of reconciling Arnold v. Jack's Executors with McVey v. Latta, 4 W. N. C. 524, where it was held that a survivorship in the lifetime of the testator was meant by the words 'jointly and equally, . . . or, if one should die, the survivor to hold the property in full;' and can only say that Arnold v. Jack seems to be the better conclusion. I cannot see any difference between the words 'and' and 'or' in these phrases, and do not find it necessary to substitute either one for the other. The present will says 'or;' the will in McVey v. Latta says 'or;' the will in Arnold v. Jack uses 'and' in one place and 'or' in two places. Knox, J., in the above quotation from his opinion, expresses his meaning without any conjunction. Whether the testator by the word 'survivors' is explaining the expression he first employed (Arnold v. Jack) or making a substitutionary gift (McVey v. Latta), he is speaking disjunctively, and 'or' is better than 'and,' though either will do.

"In other cases less significant language has been held to create the incident of survivorship, as witness the construction of the word 'their' in the following cases:

"Kerr v. Verner, 66 Pa. 326 (to testator's daughters 'to have during their lifetime; at their death to have the privilege to will' to certain persons).

"Jones v. Cable, 114 Pa. 586 (to testator's sons 'as long as they do live, and after their death to their children').

"I, therefore, find that the testator expressly devised and bequeathed one-fifth of his residuary estate in trust for his daughters, Anna, Vida and Helen, jointly, with right of survivorship; and that the provision in case any of said daughters should die 'during the terms of the said trust, then, and in that event the share of any daughter so dying shall be paid to and amongst any child or children she may leave to survive her' is applicable only to the one-fifth share bequeathed in trust for each of his daughters, respectively."

*Robert M. Boyle*, for guardian of Vida K. McClure, a minor, exceptant.

*Robert T. McCracken*, contra.

GEST, J., Jan. 22, 1926.—Our careful study of this will leads us to the conclusions expressed by the Auditing Judge in his adjudication. There can be no reasonable doubt that the income of one equal fifth part of the estate directed to be paid to Anna, Vida and Helen, jointly, or the survivor or survivors of them, is given to them as joint tenants with the right of survivorship, Arnold v. Jack, 24 Pa. 57, and on Vida's death, Anna and Helen, who survived her, are entitled to this income. In McVey v. Latta, 4 W. N. C. 524, which is thought to be inconsistent with Arnold v. Jack, the authority of that case is recognized, but the court laid stress on the fact that the estate was given to the two daughters, not merely jointly, but "jointly and equally," and it was further held that the words of survivorship referred to the death of the testatrix. There was ground for this in McVey v. Latta, for the gift of the residuary estate to the two daughters, "jointly and equally," was followed by the words "or if one should die the survivor to hold the property in full." The word "if," which imports a contingency, being used of an event which is certain (for one of the two daughters must necessarily survive the other) should, in the absence of other indication of the testator's meaning, be referred to his own death, as in the familiar case of Mickley's Appeal, 92 Pa. 514, and in McVey v. Latta, as in Mickley's Appeal, the gift being immediate, there was no other period of time to which the event could naturally be referred. Here, however, there are no words of contingency, and there is an antecedent gift of the entire income of the residuary estate to the wife of the testator, which has some bearing on the testamentary intention.

We do not think that the testator's use of the word "or," instead of "and," in the gift to Anna, Vida and Helen jointly, "or" the survivor or the survivors of them, is at all material under the decisions of the Supreme Court referred to in the able arguments of counsel. The only difficulty we perceive in this case is the clause which follows, and is separated from that under discussion by a semi-colon, viz., "and in case my said daughter Anna, my said daughter Vida or my said daughter Helen should die prior to the commencement of this trust, or should die during the term of the said trust, then, and in that event, the share of any daughter so dying shall be paid to and amongst any child or children she may leave to survive her; but if any such daughter so dying should leave no children her surviving, then I direct that the part or share of said daughter shall be added to the shares of the other beneficiaries herein

mentioned in the same proportions and under the same conditions as are herein provided for the original shares of income."

We are of opinion, however, that this clause does not refer to that which immediately precedes it, but to the prior gifts of the other one-fifth shares of the income to the daughters named. It covers the whole period of time, both before and after the commencement of the trust. If it applies to the joint gift to Anna, Vida and Helen, it makes superfluous and contradictory the provisions of survivorship annexed to the joint gift on any construction of those provisions. The adjudication of the Auditing Judge avoids such conflict and gives effect to all the words of the will. We think the general scheme of the will is clear enough and should not be disturbed by undue emphasis upon the collocation of its several clauses: Worst v. De Haven, 262 Pa. 39.

Finally, it was suggested that this construction of the will might lead to an inequality in the future distribution of the principal of the estate, inasmuch as, after Vida's death, the two surviving daughters have, it is said, exercised their right to terminate the trust, and under clause 6 (c) of the will, the principal is distributable to the same persons and in the same proportions as is provided for the distribution of the income. It is sufficient for us to say that we are now concerned only with the distribution of income. As we observed in the similar case of Dutilh's Estate, 80 Pa. Superior Ct. 134, where a similar objection was made, the interpretation of the will, in this respect, is very susceptible of argument, and when this question comes before us in due time, it will be approached with an open mind.

The exceptions are dismissed and the adjudication is confirmed absolutely. THOMPSON, J., was absent.