## Dutilh's Estate.

*Wills—Construction—Remainders—Power of appointment.*

1. Where testator creates a trust fund for his three daughters, the income of which is to be paid to them for life and to their children or issue if the daughters die before the termination of the trust, and directs that, on the death of the last surviving daughter, the principal of the trust fund shall be distributed "to and among the children and issue of any deceased child then living of my said respective daughters in such manner as she shall have directed" by will "in respect to the share or portion, the income of which was paid to her as aforesaid," and it appears that one of the daughters died having exercised the power in favor of her children, that a second daughter subsequently died without issue and intestate, and her share of income was paid to the surviving daughter, the latter, in exercising her power by will in favor of her children, can only dispose of her third of the original trust fund, and not the third of her second sister from which she received the income after such sister's death.

2. In such case where the testator further provides that, in default of such last will or appointment and "of children or issue of deceased children then living," a daughter's share should be distributable to "such persons as would be entitled thereto under the intestate laws of Pennsylvania, if she had died possessed thereof," the persons entitled to take the share of the daughter who had died without issue and intestate, are to be ascertained as of the date of the death of such daughter.

Argued April 20, 1926.    Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeals, Nos. 166-9, Jan. T., 1926, by the Pennsylvania Company for Insurances on Lives and Granting Annuities and Samuel Bell, Jr., Trustees under will of Mary

D. Bell, deceased, et al., from decree of O. C. Phila. Co., Jan. T., 1885, No. 323, dismissing exceptions to adjudication, in estate of Charles Dutilh. Affirmed.

Exceptions to adjudication of VAN DUSEN, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed in opinion by GEST, J. Exceptants appealed.

*Error assigned* was, inter alia, decree, quoting it.

*M. B. Saul,* of *Saul, Ewing, Remick & Saul,* for appellants.—Under the language of the will, two-thirds of the estate of decedent passed by the appointment of Mary D. Bell.

It was the intent of decedent that the ultimate distribution of his estate should be determined as of the date of the termination of the trust: Lippincott's Est., 276 Pa. 283; Phila. T., S. D. & Ins. Co.'s App., 108 Pa. 311.

*Clement B. Wood,* for appellee.—Under the language of the will testator directed that the share of principal, the income of which had been enjoyed by a daughter dying before the termination of the trust leaving no children or issue, should go to such persons as would be entitled thereto under the intestate laws of the State of Pennsylvania if such daughter had died possessed thereof single and unmarried, determined as of the date of her death: McDowell's Est., 5 Pa. Dist. & C. 439; Stewart's Est., 147 Pa. 383; Murphey's Est., 276 Pa. 498; Crolius v. Kramer, 279 Pa. 275; Buzby's App., 61 Pa. 111; Bender v. Bender, 226 Pa. 607.

Under the language of the will Mary D. Bell did not have the right to appoint two-thirds of the principal to and among her children and issue.

OPINION BY MR. JUSTICE SCHAFFER, May 26, 1926:

Under the sixth item of his will, Charles Dutilh set aside a fund of $350,000 in trust for his wife for life

"And upon the decease of my said wife to pay over the said income to my daughters, Mary D. Bell, Emily Dutilh and Catharine M. D. Grugan and the survivors and survivor of them in case of the death of either without leaving any child or issue of any deceased child living at the time of her death share and share alike for and during the full term of their respective lives, for their sole and separate use. But if either of my said daughters shall die leaving a child, children or issue of any deceased child living at the time of her death the share of income of such deceased daughter shall be paid over or appropriated to the support, maintenance and education of such child, children or issue of deceased children, share and share alike.....till the time for distribution of said trust fund, namely, the death of the survivor of my said daughters;.....And upon the death of the survivor of my said daughters I will and direct that the said trust fund shall be distributed to and among the children and issue of any deceased child then living, of my said respective daughters, in such manner and proportions as she shall have directed in any last will, testament or appointment in the nature thereof duly made and executed by her, in respect to the share or portion, the income of which was paid to her as aforesaid. And in default of such last will, testament or appointment, to and among such children and issue of deceased children then living, share and share alike, such issue, however taking only the parent's share. And in default of such last will, testament or appointment and of children or issue of deceased children then living, then in trust for such persons as would be entitled thereto under the intestate laws of Pennsylvania if she had died possessed thereof single and unmarried freed from all trusts whatever."

Catharine M. D. Grugan died January 16, 1917, leaving to survive her two children. By her will she exercised the power of appointment given her under her father's will, with the result that her interest in the

trust fund ultimately became vested in her daughter, Emily D. Agnew, in fee. Emily Dutilh, the second of the daughters named in the will, died October 7, 1921, unmarried and without issue. The one-third of the income payable to her was awarded by the orphans' court (affirmed by the Superior Court, 80 Pa. Superior Ct. 134) to Mary D. Bell for life. Mary D. Bell, the last surviving daughter, died September 26, 1925, leaving a will in which she exercised her power of appointment, giving to each of her three children pecuniary legacies and the residue of her estate, including the portion of the trust fund, if any remaining, over which she had power of appointment, to trustees in trust to pay the income to her children for life, with further provisions as to the corpus.

The question for determination is: How is the principal of the fund distributable on the death of the last surviving daughter? It is contended by appellants, that two-thirds of the principal of the fund passes under Mrs. Bell's will, or that, if the one-third which was limited to Emily, the daughter who died unmarried and without issue, is distributable to her heirs and next of kin, such persons are to be ascertained as of the date of the termination of the trust. The orphans' court decided against appellants upon both contentions and we think both conclusions correct. Appellants' counsel argue that the words "as aforesaid" in the phrase, "in respect to the share or portion, the income of which was paid to her *as aforesaid,*" refer to the share of income which was being paid to Mrs. Bell at the time of her death, to wit, two-thirds thereof following the death of her sister Emily, and that these words fix the share of the principal, over which Mrs. Bell had the power of appointment, at that fraction of the principal, two-thirds. We do not so construe the words "as aforesaid." To our minds they refer to a share in the principal of the fund measured by the share of income received by each daughter at the time of the death of the testator. The language

is, "to my said *respective* daughters in such manner and proportions as *she* shall have directed in any last will ......executed by *her* in respect *to the share or portion* the income of which was paid to her as aforesaid," and, in default of a will, to such persons as would be entitled under the intestate laws "if *she* had died possessed thereof," thus indicating a purpose to keep the three interests separate.

In order to sustain the construction that the heirs of Emily are to be ascertained as of the death of the last surviving daughter, appellants would have us insert the word "then" before "died" in the phrase reading, "if she had [then] died possessed thereof," citing as authority for our so doing Lippincott's Est., 276 Pa. 283. We think it unnecessary to do this in order to ascertain the testator's intent, which is manifest from the very words he used. Those who were to take in default of a will or of children or issue of children are "such persons as would be entitled thereto under the intestate laws of Pennsylvania *if she had died possessed thereof* single and unmarried." If she had died possessed thereof her heirs would have been those living at the time of her death: Murphey's Est., 276 Pa. 498; Crolius v. Kramer, 279 Pa. 275.

The decree of the orphans' court is affirmed at appellants' cost.