## Kennedy's Estate.

*Wills—Construction—Direction that, at the termination of the trust, the devolution of principal shall follow that of income.*

Where testator gave the income of a fund in five shares, one to each of his three daughters, one to the children of a deceased daughter and one to the same three daughters jointly and to the survivor or survivors of them, and directed that the principal of the last mentioned share, on the termination of the trust, should be distributed "to the same persons and in the same shares or proportions" as was provided for the distribution of the income, the principal of this share, on the termination of the trust, goes to those entitled to the income of the share when the trust came to an end.

Petition and answer in partition. O. C. Phila. Co., July T., 1917, No. 448.

Frank G. Kennedy, the decedent, died July 14, 1916, leaving a will which created a trust of the residue of his estate, and after giving his wife a life interest therein, bequeathed the said residuary estate, after her death, as follows:

"5. (b) In Trust, upon the death of my said wife to hold the *corpus* or principal of my said estate for the term of five years after my said wife's decease, and to pay the net income therefrom arising in equal parts or shares semi-annually as follows—one equal part thereof to my daughter Anna, one equal part thereof to my daughter Vida, one equal part thereof to my daughter Helen, one equal part thereof equally to and amongst the children of my daughter Myra, one equal part thereof to my daughters Anna, Vida and Helen jointly, or the survivor or the survivors of them, and in case my said daughter Anna, my said daughter Vida or my said daughter Helen should die prior to the commencement of this trust, or should die during the term of the said trust, then and in that event the share of any daughter so dying shall be paid to and amongst any child or children she may leave to survive her, but if any such daughter so dying should leave no children her surviving then I direct that the part or share of said daughter shall be added to the shares of the other beneficiaries herein mentioned in the same proportions, and under the same conditions as are herein provided for the original shares of income, and provided further, that if my said three daughters Anna, Vida and Helen or

the survivor or survivors of them, by a joint writing under their hands and seals shall at any time within the said period of five years above mentioned, signify their belief that the said trust should end, and their desire that it should end, then it shall come to an end upon the execution of such writing, and the principal or *corpus* of the said estate shall be distributed as hereinafter provided.

"6. *(c)* In Trust, upon the termination of the said trust either by the expiration of the term of five years above mentioned, or any sooner termination thereof, as above set forth, to distribute the *corpus* or principal of the said estate to the same persons and in the same shares or proportions as in paragraph *(b)* as provided for the distribution of the income."

The widow died June 5, 1921. The daughter, Vida K. McClure, died March 16, 1925, leaving as her sole issue a daughter, Vida K. McClure, a minor. Margaret K. Comber and Myra K. Comber, a minor, are the children of the deceased daughter Myra referred to in the will. The Ophans' Court decided in Kennedy's Estate, 7 D. & C. 237, that the three daughters, Anna, Vida and Helen, were joint tenants of the income of the share given to them jointly, and, hence, on the death of Vida, Anna and Helen were entitled to the whole income by right of survivorship. Anna and Helen, as authorized by the will, terminated the trust on March 31, 1925. On Dec. 7, 1926, a petition was filed by them (Anna and Helen) for a citation on the guardians of the minors and Margaret K. Comber, to show cause why an inquest in partition should not be granted. To this petition, an answer was duly filed.

*Robert T. McCracken,* for petitioner; *Robert M. Boyle,* for respondent.

VAN DUSEN, J., March 2, 1927.—Testator established a trust for a limited period, and in paragraph *(b)* gave the income in five shares, one to each of three daughters, one to the children of a deceased daughter, and one to the same three daughters "jointly, or the survivor or survivors of them." We have decided as to income, in another proceeding, that these words created a survivorship of income among the daughters whenever their deaths occurred during the trust; that is, that they are not to be confined to survivorship as of the death of the testator.

Now the trust has come to an end, and in this partition proceeding we have to determine preliminarily the respective shares of the parties in principal in order that they may properly exercise their rights to accept or reject at a valuation: Donohoe's Estate, 5 D. & C. 165.

One of the three daughters died. A few days later the trust was ended by the deed of the other two, under a power given them in the will. At that time, therefore, these two alone were entitled to income. The will disposes of principal at the end of the trust, "to the same persons and in the same shares or proportions as in paragraph *(b)* is provided for the distribution of the income." Does the principal follow the fluctuations of shares of income and go as the income was going when the trust came to an end? The words are broad; this would be their natural meaning; and we find nothing to qualify them, or to confine their application to the shares as they existed at the beginning of the trust. If a share of income is jointly held with right of suvivorship, principal given "in the same shares or proportions" must be jointly held also.

The case is materially different from Dutilh's Estate, 286 Pa. 389. There a survivorship of all the income was provided for among three daughters if they died without issue. The disposition of principal, however, referred repeatedly to the share of each respective daughter, and it went one way ·if

there was issue and another way if there was none. This specification as to each daughter was thought to preserve the respective shares of principal in spite of survivorship of income; and, indeed, it must have been so, for otherwise the disposition of principal ascribable to a daughter who died first and left no issue would have had no effect.

In the present case there is no such specification and disposition of the share of each daughter. If there were, there would be an unquestioned share ascribable to each without survivorship, to which the disposition of principal could apply; the only doubt is as to the further application of the joint share.

We, therefore, determine that the parties are entitled to the lands described in the petition in the proportions set out therein, viz.: Helen K. Trump, 3/10; Anna K. Wymond, 3/10; Vida K. McClure, a minor, 2/10; Myra K. Comber, a minor, 1/10; Margaret K. Comber, 1/10.

The parties, therefore, have leave to proceed according to law.

Thompson, J., did not sit.