## French's Estate

Before Van Dusen, P. J., Stearne, Sinkler, Klein, Bolger, and Ladner, JJ.

The facts appear from the following adjudication of

SINKLER, J., auditing judge.—Samuel H. French died February 1, 1895. By his will, duly probated, he created a trust for his children, one of whom was Emmor D. French. By the sixteenth and seventeenth items of his will, he provided that a share of income should be paid to Emmor D. French for life, and, upon his death, should be "paid unto his children share and share alike and in

case of the death of any one or more of his children without legal issue, then to the survivors or survivor of them."

Emmor D. French died in 1904, and his share of income was thereafter distributed equally among his three children, Minnie Lippincott French Johnson, Alice French, and Mary Helen French Schauffele (now Tydeman).

Minnie Lippincott French Johnson died in 1927, and by adjudication dated June 26, 1928, by Thompson, J., it was held that the one-third share of income which she had received should be distributed equally to her three children, Ogden French Johnson, Earl Kenneth Johnson, and Waldon French Johnson. Thereafter, the Emmor D. French share of income was distributed one ninth each to the three children of Minnie Lippincott French Johnson; one third to Alice French; and one third to Mary Tydeman.

Ogden French Johnson died February 18, 1937, intestate, unmarried, and without issue.

Alice French died August 15, 1937, intestate, unmarried, and without issue.

In order to determine the persons to whom the shares of these two life tenants are now payable, the accountant, as successor trustee appointed by decree of this court, has filed its fourth account, together with a supplement thereto.

The one-third share of income distributable to the children of Minnie Lippincott French Johnson since the death of Ogden French Johnson, one of those children, is to be distributed equally between the two surviving children of Minnie Lippincott French Johnson. The decedent had made no express provision for the children of Minnie Lippincott French Johnson, but, since he provided for a gift over upon her death without issue, it had been held in the prior adjudication of Thompson, J., that a gift over of the income to her issue should be implied. This implied gift of income is a gift to a class, and the income is payable to those who come within the class at the time the income accrues. The two remaining issue of Minnie John-

son, therefore, share the income accruing since the death of Ogden French Johnson.

The income to which Alice French would be entitled, if alive, is awarded to Mary Helen French Schauffele (now Tydeman). Alice French died August 15, 1937, without issue, and the provision of testator's will is applicable, that "In case of the death of any one or more of his [Emmor D. French's] children without legal issue, then to the survivors or survivor of them."

Counsel for the issue of Minnie Johnson claim that this is unjust, since Mary Tydeman would then receive two thirds of the Emmor D. French share of income: the one third which she received since the death of Emmor D. French, and now the one third which Alice French had received. He claims that the issue of Minnie Johnson should be regarded as "survivors" and entitled to share in the Alice French share, in order to avoid one line of the family receiving a disproportionate share. These contentions are not sustained. While Mary Tydeman lives, she alone is entitled to the Alice French share of income: Walter's Estate, 18 D. & C. 431; Steinmetz's Estate, 194 Pa. 611 (1900). See also Dutilh's Estate, 80 Pa. Superior Ct. 134 (1922). The decisions in Dutilh's Estate, 286 Pa. 389 (1926), Fox's Estate, 222 Pa. 108 (1908), Vance's Estate, 209 Pa. 561 (1904), and Bacon's Estate, 202 Pa. 535 (1902), are inapposite because of the wills therein construed. Similarly inapposite are decisions in which the court has found a testamentary intention to maintain an equality of distribution between children or grandchildren. See, for example, Fox's Estate, supra.

In the instant case the "issue" who claim that they are the object of testator's solicitude were not even provided for in the will. The fact that they receive any income at all is due to the application of a principle of "construction" which implies a gift in their favor where none was given by testator. It must also be remembered that the "issue" are great-grandchildren of testator, who were born subsequent to his death. The will shows an intention

to provide only for children and grandchildren of testator, which, indeed, is natural. We cannot attribute to testator an intention that descendants so remote as great-grandchildren shall share equally with his children and grandchildren.

*Edgar S. McKaig*, for exceptants.

*Paul W. Knox*, contra.

LADNER, J., November 8, 1940. — Testator here provided in item 17 of his will that upon his son Emmor's death the income on his portion of the estate "shall be paid unto his children share and share alike; and in case of the death of any one or more of his children without legal issue then the survivors or survivor of them."

Upon the death of one of these children (Minnie) the income on her share was awarded to her issue, it being held there was an implied gift to them of their parent's share of the income. Another child of Emmor, viz, Alice, has now died, without issue, and the question was raised whether all of the income that she formerly received now goes to the survivor of Emmor's children (i. e., Mary Helen) or whether one half thereof must be paid to the children of Minnie (the daughter of Emmor, who first died). The learned auditing judge ruled in substance that as Mary Helen is the survivor of Emmor's children it goes to her.

The exceptions charge this ruling to be error, but we feel his determination of the question is correct for the reasons which he has well stated and under the authorities cited in his adjudication. To the argument pressed upon us that such ruling makes for inequality we merely add that the presumption that a testator intended equality, like all canons of construction, cannot be used to overcome language which we regard as unambiguous: Walter's Estate, 18 D. & C. 431.

We note the learned auditing judge has, since the trust continues, very properly refrained from expressing any views on the question of distribution of the principal, a

question which must be regarded as still open: see Boswell's Estate, 38 D. & C. 337.

The exceptions are dismissed and the adjudication is now confirmed absolutely.