## McDowell Estate

Before Sinkler, P. J., Klein, Bolger, Ladner and Hunter, JJ.

BOLGER, J., Auditing Judge.—This decedent died on May 15, 1907. The trust arose under the fourth and

fifth items of his will, as amended by codicil dated May 18, 1906, wherein he gave his residuary estate in trust (after the death of his widow, which occurred May 27, 1922) the income therefrom to be paid equally among his children for their respective lives. It was then provided:

". . . and if any of them be dead leaving a child or children surviving, such child or children to receive, share and share alike, the share of income and interest that the parent would have taken if living, until such child or children shall respectively arrive at the age of twenty-one years, and then to pay the principal producing the income to which such child or children are respectively entitled, to such child or children: but if any of my children should die leaving no child or children to survive him or her, then to pay the income to which such child or children would have been entitled equally to my surviving children during their respective lives, and at their death, share and share alike to their child or children until such child or children shall respectively arrive at the age of twenty-one years and then to pay the principal producing the income to which such child or children are respectively entitled to such child or children."

The provision quoted was modified by codicil to the extent that the widow of any son who should die without leaving children to survive him was given one third of the income which such son would have received had he continued to live, for her life or so long as she should remain the widow of such son.

Decedent was survived by five children. Anna K. McDowell died on December 6, 1927, unmarried and without issue. Charles McDowell died on December 20, 1942, unmarried and without issue. F. Warren McDowell died on January 13, 1945, leaving to survive him a son, Francis Warren McDowell, 3rd, and a daughter, Mary Catharine McDowell Lund, both of

whom are living and sui juris. Joseph McDowell died on August 24, 1948, leaving to survive him a widow, Edna Louise McDowell, but no issue. Rebekah McDowell Morris is still living and has one child, Charles McDowell Morris, who is of age and sui juris.

The present account is filed because of the death of Joseph McDowell on August 24, 1948, as aforesaid. It is stated that Edna Louise McDowell, his widow, is executrix of his will. At the time of his death, Joseph McDowell was receiving one half of the income of the trust. Under the terms of the codicil to the will dated May 18, 1906, his widow, Edna Louise McDowell, is henceforth entitled to receive one third of that share of income, or one sixth of the whole, for her life or during widowhood.

A question arises as to whether one third of the share of principal from which Joseph McDowell received the income should not be awarded outright to F. Warren McDowell, 3rd, and Mary Catharine McDowell Lund, the children of F. Warren McDowell, deceased, or whether all of the principal should be retained in trust and the income from the share in question paid to Rebekah McD. Morris, the surviving child of decedent, for her life. If the latter course is followed, a decision as to who is entitled to principal upon the death of the suriving life tenant must await that event.

As I read the will of this decedent, particularly the portion quoted above, there is no ambiguity; therefore there is no necessity for applying artificial rules of construction. In plain language, testator directed payment of income in equal shares to his children as a class, during their lives. He then provided that if any of them should die leaving children, such children should take the share of principal from which their parent was receiving the income at the time of death. However, if any should die without leaving children, that share of income is directed to be paid "equally

to my surviving children during their respective lives. . . ." Finally, "at their death" the principal producing the income to which such child or children are respectively entitled is to be paid to such child or children. The testamentary scheme is clearly stated. When Anna K. McDowell died in 1927, without issue, there was no partial termination of the trust; all of the income was thereafter payable to the four surviving children. This for the reason that the will clearly provides for the contingency of a child dying without leaving children by directing payment of income "equally to my surviving children during their respective lives. . . ." In like manner, when Charles McDowell died in 1942, also without leaving issue, the trust remained intact and thereafter all of income was payable to the three surviving children. When F. Warren McDowell died in 1945, there was a partial termination of the trust and his two children received a one-third share of the principal, that being the share of principal from which he was receiving income at the time of his death. This was necessarily so, because the will specifically provides that upon the death of a child leaving children such children should be paid "the principal producing the income to which such child or children are respectively entitled. . . ." Now, Joseph McDowell having died in 1948, without leaving issue, it seems quite logical to say that the share of income formerly paid to him should henceforth be paid to the surviving life tenant for her life (subject, of course, to the interest of his widow therein as set forth heretofore). To do otherwise would be to completely ignore the clear expression of intention embodied in the phrase reading as follows: "but if any of my children should die leaving no child or children to survive him or her, then to pay the income to which such child or children would have been entitled equally

to my surviving children during their respective lives. . . ."

There appears to be no ambiguity or inconsistency in the testamentary plan. While it could probably have been expressed in simpler language, yet it is sufficiently clear to show that testator intended the trust to continue in *its entirety with income payable in equal shares to his children until one of them should die leaving children.* Upon the happening of that event there was to be a partial termination of the trust and the children of the deceased life tenant were to receive outright the share of principal from which their parent was receiving the income at the time of his or her death; after which the balance of principal was to continue in trust with income payable in equal shares to the then surviving children for their lives, with no further termination of the trust or distribution of principal until one of them should die leaving children. Thus, the testator in effect gave a preference to his children in any share of income released by death of a life tenant without issue. It is only natural that he would want his children, the primary objects of his bounty, to receive all available income during their respective lives.

Counsel for the children of the deceased life tenant, who claim a share of principal at this time, cites Fox's Estate, 222 Pa. 108, and Galli's Estate, 340 Pa. 561, in support of his contention. It is true that the general rule is that where there is a gift of income to a class of life tenants, with remainder to their issue as they die, and upon the death of one without issue, the share of principal from which he received the income to accrue to the survivors, issue take not only the original share from which their deceased parent received the income, but also any accruing share. The reason for this rule is apparent, for to say that the issue of a child dying first should be cut off from participating

in the share of a child dying subsequently without issue would be to give an accidental and irrelevant fact an effect contrary to the normal general intent of the testator. In applying the rule, courts have at times construed the word "surviving" as the equivalent of "other", where in any other sense it would lead to an intestacy or to inequality among those standing in the same degree of relationship to testator, or to a distribution not in accordance with the general scheme of the will in its entirety. However, as noted heretofore, there is no necessity for the application of this rule where, as here, testator clearly provides for the contingency of a child dying without issue by passing that child's share of income to "surviving children during their respective lives".

Of course, upon the death of Rebekah McDowell Morris, the surviving life tenant, the principle of Fox's Estate and Galli's Estate, supra, may play an important part in deciding whether or not the children of F. Warren McDowell may participate in distribution of principal. That question is not now before me, and this adjudication is not intended to prejudice the rights of present claimants in that regard.

Counsel for the surviving life tenant cites Dutilh's Estate, 80 Pa. Superior Ct. 134, and French's Estate, 39 D. & C. 557, as authority for the proposition that the surviving child is entitled to all of the income until her death (other than the share payable to the widow of Joseph McDowell as aforesaid). However, these cases are not entirely pertinent either. Each involved a situation where income was given to a group of life tenants "and the survivors and survivor of them" for life, without any provision for partial termination of the trust upon the death of a life tenant without leaving issue such as we have in the present case.

It is accordingly my opinion, and I so find, that Rebekah McDowell Morris, the surviving child of the

decedent, is entitled to five sixths of the income of the trust for the remainder of her life, and hence there can be no partial distribution of principal at this time to the children of the deceased life tenant as they claim.

*Paul H. Ferguson*, for exceptants.

*H. James Sautter*, contra.

SINKLER, P. J., June 20, 1949.—The auditing judge holds that the trust principal is to remain intact, with the income divided equally among testator's children until one of them dies leaving issue surviving. In such event a partial termination of the trust was directed and distribution ordered to the children of the deceased life tenant of the share of principal whence the parent received the income at the time of death. Should any die without issue, that share of income is to be paid equally to surviving children during their respective lives.

Two of the children have died without issue. One has died with issue and his children received one-third share of the principal, the share whence the parent was receiving the income at the time of his death. These two children contended at the audit that distribution should be presently made of the share of principal whence a child of testator received the income. He (Joseph) died without issue, survived by a widow. At the time of his death he was receiving one half the income of the trust. Under the terms of the codicil his widow is entitled to one sixth of the income for life, and testator's sole surviving child, Rebekah McDowell Morris, is entitled to receive the remaining five sixths of the income.

Exceptions have been filed by F. Warren McDowell, 3rd, and Mary Catharine McDowell Lund, children of Francis W. McDowell, Jr., deceased. The ground thereof is the failure of the auditing judge to find that the principal of the trust estate whereof Joseph M.

McDowell received the income is presently distributable. His conclusion is correct for Joseph was not survived by issue. The phrases of the will involved are quoted verbatim and the cases relied upon by the respective parties are analyzed. We agree with the conclusions reached by the adjudication and the ruling that the intent of testator set forth in his will is so manifest that there is no necessity for applying artificial rules of construction.

The exceptions are dismissed and the adjudication is confirmed absolutely.